[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Israel Reaves has filed a motion for summary judgment on the third and fourth counts of the plaintiff's third revised complaint dated November 12, 1992 alleging that the claims are barred by the statute of limitations, and that the lessee of a motor vehicle who gives permission to another person to operate the vehicle, is not liable for the negligence of the driver.
The material facts are not disputed. The plaintiff's decedent was a passenger in a vehicle operated by the defendant Valerie Johnson. The car was owned by Hertz-Rent-A-Car. Hertz leased the car to the defendant Israel Reaves. Reaves gave permission to his sister Valerie Johnson to use the car. They do not reside in the same household and there is no allegation in the complaint that Johnson was driving as an agent for Reaves. The original complaint dated June 9, 1992 was brought within the two year statute of limitations for negligence actions contained in 52-584 of the General Statutes, since the fatal accident occurred on July 6, 1990. The original complaint alleged essentially that Reaves as the lessee of the car was liable as a matter of law for the negligence of Johnson as the driver of the leased vehicle. The complaint did not allege any specific negligent acts on the part of Reaves.
Section 14-154a of the General Statutes provides that "any CT Page 4109 person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased to the same extent as the operator would have been liable if he had also been the owner." This statute imputes liability to the owner of a car who rents or leases it to another person who negligently operates it. The statute does not extend or create liability for the lessee of a motor vehicle. Reaves was neither the owner or operator of the car, and the plaintiff cannot take advantage of either 14-154a or the statute creating a presumption of agency in motor vehicle operation, 52-183 of the General Statutes, which also applies in a proper case against the owner of a motor vehicle, allowing a recovery for the negligent operation of it by the owner's agent. Accordingly, the original complaint did not state a cause of action against Reaves based on any vicarious liability created by statute, nor did it allege any specific negligent acts by Reaves.
The complaint was revised on September 29, 1992 following a request to revise, and the revised complaint contained an allegation that Reaves negligently entrusted the vehicle owned by the defendant Hertz to the defendant Johnson. The third revised complaint added an allegation that Johnson was operating the vehicle "within the scope and authority to do so" and that Reaves was negligent in permitting and allowing Johnson to operate the vehicle in the manner alleged in the complaint. Both of these amendments occurred more than two years after July 6, 1990, the date of the accident.
A motion for summary judgment can be granted under 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. In ruling upon a motion for summary judgment where there is no material factual issue, the next question is whether the defendant is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The test is whether a party would be entitled to a directed verdict based upon the established facts. Connelly v. Housing Authority, supra, 364. A summary judgment may be granted where the action is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255; Barnes v. Schlein, 192 Conn. 732, 738.
In this case the plaintiff did not commence a valid cause of action against Reaves within the two year time period for negligence actions under 52-584 of the General Statutes. The original claim CT Page 4110 against Reaves was based on the mistaken assumption that there was a statutory cause of action against him based on 14-154a. The original complaint cannot be construed as alleging a cause of action for negligence against Reaves. It was an attempt to bring a vicarious liability claim based on the conduct of another person. Moreover, there is no cause of action at common law or by statute against a defendant who neither owned nor operated the vehicle involved in the accident and where the claim only is based upon the giving of permission to drive the vehicle.
Where a plaintiff attempts to amend a complaint to add a new cause of action, it does not relate back to the filing of the original complaint, for purposes of deciding if the new claim is barred by the statute of limitations. Gurliacci v. Mayer, 218 Conn. 531,546; Sharp v. Mitchell, 209 Conn. 59, 71-72; Keenan v. Yale New Haven Hospital, 167 Conn. 284, 286. As recognized in Sharp v. Mitchell, supra, a new cause of action is not stated where a plaintiff merely amplifies or expands the grounds of negligence using the same facts already pleaded in the negligence count of an original complaint, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented there is a new and different cause of action which does not relate back to the filing of the original complaint. The allegations in the third count of the complaint attempt to allege negligence on the part of Reaves for allowing Johnson to operate the car and commit negligent acts. The fourth count goes one step further by alleging negligent entrusting of the vehicle to Johnson. Both of these theories are a material expansion and change from the deficient, statutory vicarious liability allegation in the original complaint, which was not a negligence claim. Accordingly, they are barred by the statute of limitations.
The motion for summary judgment on the third and fourth counts is granted.
ROBERT A. FULLER, JUDGE CT Page 4111