[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO AMEND (#118)
CT Page 12482-X
The plaintiff, Jeffrey A. Vaughan, initiated this action against the defendants Mural Transport, Inc., Lands End Leasing and Ronald W. Morse. The original complaint was filed with this court on February 2, 1994. The defendants, Mural Transport, Inc. and Lands End Leasing, filed an appearance and request to revise on June 12, 1995.[1]
The plaintiff's original complaint was a single count negligence claim arising out of a motor vehicle accident that occurred on January 19, 1992. The second paragraph of the original complaint alleged that on January 19, 1992, "a truck owned by the defendant, Lands End Leasing, Inc., leased by the defendant, Mural Transport Inc. and operated by the defendant, Ronald W. Morse, an employee of Mural Transport Inc. acting in the course of his employment was being driven on Interstate 84 in a generally westerly direction when it came into violent collision with the vehicle of the plaintiff." The complaint then alleges the specific negligent conduct of the defendant operator (Ronald W. Morse) and other elements necessary to a claim for negligence. The plaintiff's prayer for relief requested double and treble damages.
On June 12, 1995, the defendants requested that the plaintiff revise his complaint by deleting the claim for double and treble damages. The plaintiff complied with that request but added a second count to the complaint which alleges all the paragraphs set forth in the original single count complaint and adds the following paragraph:
 10. Defendant, Land's End Leasing, is liable for any damages suffered by the plaintiff pursuant to Conn. Gen. Stats. § 14-154a.[2]
Upon the defendants filing of a second request to revise to delete this count as not being in conformity with the request to revise, the plaintiff filed a request for leave to amend the complaint and the amended two count complaint on August 16, 1995. The present objection to the request for leave to amend was filed by the defendants on August 31, 1995, along with a supporting memorandum of law. The plaintiff filed a memorandum in support of his request for leave to amend the complaint and the parties argued the matter before the court at short calendar on October 10, 1995. CT Page 12482-Y
The defendants argued that the plaintiff has alleged a new cause of action which does not relate back to the filing of the original complaint and thus is barred by the statute of limitations, General Statutes § 52-584.[3] The plaintiff argued that the second count is not a new cause of action and seeks only to separate out the allegations against the defendants and simply amplifies or expands what was previously alleged by the plaintiff in the original complaint.
"The trial court may allow, in its discretion, an amendment to pleadings." Jonap v. Silver, 1 Conn. App. 550, 555, 474 A.2d 800
(1984). "`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion." Web Press Services Corp. v. NewLondon Motors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987), quoting Lawson v. Godfried, 181 Conn. 214, 216, 435 A.2d 15 (1980). Connecticut follows a liberal policy in allowing amendments to complaints, and factors to be considered "are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Web Press ServicesCorp. v. New London Motors, Inc., supra, 203 Conn. 360.
Amendments to a complaint "relate back to the date of the complaint unless they allege a new cause of action." Keenan v.Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974). On the other hand, "[a]n amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed." Id.
"The test for determining whether or not a cause of action has been alleged is somewhat nebulous." Jonap v. Silver, supra,1 Conn. App. 556. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Citation omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 546-47, 590 A.2d 914 (1991); see Keenan v. Yale NewHaven Hospital, supra, 167 Conn. 285 ("A cause of action must arise from a single group of facts."). "A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but CT Page 12482-Z where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra, 218 Conn. 547.
In Gurliacci v. Mayer, supra, a Stamford police officer sued the deputy chief of police of Stamford and the City of Stamford for injures she suffered when an automobile driven by the deputy chief collided with the plaintiff's automobile. The original complaint alleged that the defendant deputy chief was acting negligently in operating his automobile while intoxicated. After the statute of limitations period passed, the court allowed the plaintiff to amend her complaint to add the allegation that the deputy chief was acting either wilfully, wantonly and maliciously, or outside the scope of his employment. In concluding that the amendment related back to the original complaint, the Connecticut Supreme Court held that "[t]he new allegations did not inject `two different sets of circumstances and depend on different facts'; Sharp v. Mitchell, supra, 73, but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability."Gurliacci v. Mayer, supra, 218 Conn. 549. The court stated: "[the defendant] had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident." Id.
In contrast, in the case of Sharp v. Mitchell, 209 Conn. 59,546 A.2d 846 (1988), the court found that an amendment did not relate back where the amendment and the original complaint involved two different sets of circumstances and depended on different bases of liability. The Sharp court found that the defendants did not have fair notice of the amended claim of negligent construction and design of an underground storage area where the original complaint merely alleged negligent supervision.
In distinguishing Sharp v. Mitchell, supra, the Gurliacci
opinion stated: "In Sharp, the change in the nature of the negligence action from one of negligent supervision to one of negligent construction was dramatic because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim. In this case, however, the plaintiff's amendment reiterated the negligence claim based on [the defendant's] operation of a motor vehicle, but added that [the defendant] was acting either wilfully, wantonly, and maliciously or outside the scope of his employment. The new allegations did not inject two different sets of circumstances and depend on different CT Page 12482-AA facts; but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citations omitted.) Gurliacci v. Mayer, supra, 218 Conn. 548-49. Under Gurliacci, therefore, if the change is dramatic and requires the defendants to gather different facts, evidence and witnesses to defend the claim, then a new cause of action has been raised and the amendment will not relate back. If, however, the change is not dramatic and depends on the same set of circumstances and facts, the amendment will relate back to the original complaint.
Based on Gurliacci, the proposed amendment in the present case is not dramatic, and does not require the defendants to gather different facts, evidence and witnesses to defend the claim. The plaintiff merely seeks to amplify what has already been alleged in support of his claim. Therefore, the proposed amendment relates back to the original cause of action.
In Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665,668, 596 A.2d 14 (1991), relied on by the defendants, the plaintiff sued a tow truck operator and the owner of a taxi cab that was being towed by the tow truck, for injuries sustained when the taxi, while being towed, collided with the plaintiff's vehicle. The plaintiff's original complaint alleged that the taxi cab owner was liable as a principal or employer of the tow truck operator. In an amended complaint, the plaintiff alleged that the taxi cab owner was also liable under General Statutes § 14-154a, because the taxi cab owner leased the taxi to its driver, who was in control of the taxi prior to its being towed. The appellate court upheld the trial court's determination that the amendment asserted a new cause of action and was therefore barred by the statute of limitations. The appellate court ruled that the allegations based on General Statutes § 14-154a relied on a new relationship between the taxi cab owner and its driver that was not alleged in the original complaint. Therefore, the cause of action based on General Statutes § 14-154a did not relate back to the original complaint. Id.
The defendants also rely on upon the case of Pettway v.Johnson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296135 (8 CSCR 527, April 27, 1993, Fuller, J.) to support their claim that the amended complaint does not relate back to the original complaint because the amendment states a new cause of action. In Pettway v. Johnson, supra, 8 CSCR 527, the plaintiff's original complaint essentially attempted to alleged a cause of action against the lessee a motor vehicle for the CT Page 12482-BB negligence of the driver (Johnson) pursuant to General Statutes §14-154a. The original complaint did not allege negligence on the part of Reeves. Id. The plaintiff amended the complaint adding two counts one of which attempted to allege a common law negligence claim against the lessee, Reeves, and the other count which alleged negligent entrustment. The court stated: "Both of these theories are a material expansion and change from the deficient, statutory vicarious liability allegation in the original complaint, which was not a negligence claim." Id., 528. The court therefore, found the two count were barred by the statute of limitations. The defendants argue that the present case is simply the reverse ofPettway. This court finds Pettway distinguishable because the action in Pettway would have imputed liability under General Statutes § 14-154a to the lessee when the statute only imputes liability to the owner of a vehicle who rents or leases that vehicle to another.
In the present case, the plaintiff's original complaint contains allegations of negligence based on the moving defendants' relationship as owner of the vehicle operated by the driver, Morse. The second count amplifies the basis of that relationship, and relies on the same facts as alleged in the original complaint. Accordingly, the second count relates back to the original complaint.
In summary, the defendant's objection to the plaintiff's request for leave to amend his complaint is overruled. The present action is not scheduled for trial and minimal discovery has been conducted by the parties, and, therefore, the granting of the plaintiff's request will not cause undue delay. See Web PressServices Corp. v. New London Motors, Inc., supra, 203 Conn. 360. The new allegations in the second count which incorporates the allegations of count one and adds a single paragraph alleging that the defendant, Lands End Leasing, is liable pursuant to General Statutes § 14-154a, do not "inject two different sets of circumstances and depend on different facts" but rather amplify and expand upon the plaintiff's previous allegations. See Gurliacci v.Mayer, supra, 218 Conn. 549. Accordingly, the amendment relates back to the date of the original complaint and therefore the objection is overruled.
PICKETT, J.