WALTER M. KEENAN *v.* YALE NEW HAVEN HOSPITAL ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 8—decision released November 5, 1974

*Jonathan D. Kantrowitz,* with whom, on the brief, was *Ralph S. Kantrowitz,* for the appellant (plaintiff).

*Lawrence W. Iannotti,* for the appellee (defendant).

PER CURIAM. A malpractice complaint, based on negligence alleged to have occurred on December 14, 1967, was filed against the defendants Yale New Haven Hospital and Lycurgus M. Davey, a surgeon, on December 13, 1968. The action against the hospital was withdrawn. An amendment to the complaint filed August 11, 1972, alleged an assault by the defendant Davey and, as made more specific, alleged that he "assaulted the plaintiff by performing a surgical operation on him without securing his informed consent."

Summary judgment was rendered by the court in favor of the defendant on the assault count in that it is barred by General Statutes § 52-584. This appeal is from that judgment.

Amendments relate back to the date of the complaint unless they allege a new cause of action. *Baker* v. *Baker,* 166 Conn. 476, 486, 352 A.2d 277. An amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed. *Kelsall* v. *Kelsall,* 139 Conn. 163, 165, 90 A.2d 878; see *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724; *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 108, 20 A.2d 621. A cause of action must arise from a single group of facts. *Gallo* v. *G. Fox & Co.,* supra; *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389. To relate back to the institution of the action the amendment must arise from a single group of facts. *Kelsall* v. *Kelsall,* supra; see *Gallo* v. *G. Fox & Co.,* supra.

Acts amounting·to negligence and acts amounting to assault and battery, not related to lack of due care, do not constitute a single group of facts. They are separate and distinct. It is clear that the count alleging an assault, as made more specific, raises a cause of action separate and distinct from the negligence originally pleaded. Consequently, the amendment speaks as of August 11, 1972, the date when it was filed. The amendment is barred by General Statutes § 52-584 and ·was properly disposed of by summary judgment.

There is no error.