[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in conversion and negligence against Natural Gas Co., Inc. (Natural Gas) of Westport and the Westport Bank and Trust Company (WBT). The plaintiffs are Design Coatings, Inc., of Wilton and D. A. Ericson, d/b/a Design Coatings, and they claim (i) that they stored certain business equipment and materials as lessees in a warehouse be longing to the Gas Company as lessor and located at 740 Post Road East in Westport; (ii) that the defendant WBT aided by Natural Gas on or about June 1, 1984 removed the equipment and material in the belief that it belonged to G. A. Risolo Development Co., Inc., against whom WBT had recovered a judgment; and (iii) that the equipment was subsequently sold by WBT, to a third party, and the plaintiffs have been damaged as a result. WBT agrees that it did take possession of plaintiffs' property but claims it did so pursuant to an order of the Bankruptcy Court. WBT also filed a special defense of statute of limitations.
Summary judgment was entered in 1988 in favor of defendant WBT with respect to the first and second counts of the complaint claiming conversion and negligence on the basis that the applicable statutes of limitation (General Statutes 52-577 and 52-584 respectively) had both expired.
Subsequently, the plaintiffs on April 15, 1988 amended their complaint against the defendant WBT to include a new count six claiming fraudulent misrepresentation, and a new count seven alleging breach of an oral agreement. The fraudulent misrepresentation was said to arise because WBT falsely promised the plaintiffs that it would return the equipment to them, and further that the equipment was "secured and safe and would be returned to the plaintiffs," which was never done. The contract count is based on an allegation that WBT verbally agreed to CT Page 5419 return the plaintiffs' equipment, and to keep the equipment safe and secure until its return, but breached the agreement by failing to return the equipment.
The basis for the present summary judgment motion by WBT (#145) is that the statutes of limitations regarding fraud and breach of contract have both expired and, therefore, that judgment should enter against the plaintiffs. In each case WBT claims a three year statute of limitations a and that since the cause of action accrued in 1984, and these two new counts were not added until April 1988, summary judgment should enter in its favor.
The plaintiffs argue, on the other hand, that both counts relate back to the original complaint, and that there is a six year statute of limitations for oral contracts, General Statutes 52-576, which is applicable to both counts.
The statute of limitations for torts is General Statutes 52-577 a which prescribes a three year limitation. Clearly fraud is a tort and clearly the plaintiffs have alleged fraudulent misrepresentation in the sixth count, despite their attempt to label the count as claiming a breach of contract. Thus, the three year statute of limitations has long since expired.
The plaintiffs claim, however, that this allegation relates back to the original causes of action of conversion and negligence, under the rule of Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974). In that case an amendment alleging assault and battery was held not to relate back to a cause of action in negligence because the acts giving rise to these claims "do not constitute a single group of facts." Id., 286. In this case the acts giving rise to negligence and conversion involve entering the premises and a taking of the material stored therein. On the other hand, the acts giving rise to fraud involve verbal misrepresentations. Thus, the acts as in Keenan are "separate and distinct." Id., 286.
Moreover, the two causes of action that plaintiffs claim that fraudulent misrepresentation relates back to, conversion and negligence, were themselves both dismissed on statute of limitations grounds, so there is nothing for fraudulent misrepresentation to relate back to in any event. CT Page 5420
The issue regarding the statute of limitations for contracts presents a different issue. The statute for oral contracts, 52-581, also has a three year limitation.[1] Plaintiffs claim that the seventh count is based upon an "implied contract, classically known as Assumpsit," and therefore that the applicable statute of limitations is 52-576, which pertains to a "simple or implied contract," and which contains a six year limitation.[2]
Thus the issue is which statute applies to the seventh count, 52-581 or 52-576. The seventh count alleges that WBT breached its agreement with plaintiffs to return all their equipment, and to keep it safe and secure pending its return. Plaintiffs claim that the seventh count is governed by the six year statute of limitations of General Statutes 52-576.
The relationship between these two statutes, 52-581
and 52-576, was analyzed in in Tierney vs. American Urban Corp., 170 Conn. 243, 249, 365 A.2d 1153 (1976). The three year statute of limitations, 52-581, was held to apply only to executory contracts where a plaintiff had not completely performed his part of a contract, whereas the six year statute of limitations, 52-576, applies to executed contracts. In other words, both of these statutes apply to oral contracts but the distinction is between executed and executory contracts.
Plaintiffs claim that they fully performed their part of the contract merely by awaiting the safe return of the equipment as promised by WBT; that the defendant WBT breached its agreement in failing to return the equipment; and that the agreement or contract was fully
Defendant WBT argues that the alleged contract was an executory contract since what was allegedly contracted for, the return of plaintiffs' equipment, had not occurred.
Summary judgment is denied as to count seven for the same reasons referred to in Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530, 559 A.2d (1989): "It cannot be determined from the record whether the plaintiff has fully performed his obligation under the contract or whether this was an executory contract. . .Therefore, summary judgment based upon General Statutes 52-581 is inappropriate because there is genuine issue as to whether this statute is applicable. This question must be resolved by further proceedings." CT Page 5421
In conclusion, summary judgment is granted as to count six for the reason that the applicable statute of limitations for torts, 52-577, has expired, and summary judgment is denied as to count seven.
So Ordered.
Dated at Stamford, Connecticut this 26 day of June, 1991.
WILLIAM B. LEWIS, JUDGE