[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs instituted the present action in 1989 in which the plaintiff Bridget Leen seeks to recover damages for personal injuries claimed to have been sustained as a result of a fall on a sidewalk on April 7, 1988. The second count of the complaint asserts a cause of action for loss of consortium on behalf of her husband William Leen. The original complaint alleged that specified conduct of the defendant constituted negligence. CT Page 1129
In 1991, after the expiration of the statute of limitations, the plaintiffs, with the permission of the court, amended the compliant adding the third and fourth counts which allege that the conduct, previously described as negligence, also constituted recklessness. The defendant has now moved to strike the third and fourth counts of the complaint on the ground that they are barred by the statute of limitations.
Under Practice Book Section 164, the defense of a statute of limitations must be specially pleaded. Accordingly, it could reasonably be argued that the determination of the applicability of a statute of limitations upon a motion to strike the complaint deprives a plaintiff of an opportunity to allege those facts which might constitute a tolling of the statute. However, the parties have not raised that issue and accordingly, the court will undertake to determine the motion. See, Vilcinskas v. Sears Roebuck Co., 144 Conn. 170, 171-172 (1956).
Amendments to the complaint relate back to the date of the original complaint unless the amendments allege a new cause of action. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285
(1974). The issue is, therefore, whether the amended complaint, filed after the expiration of the statute of limitations, alleges a new "cause of action" under the rule that a "cause of action is the single group of facts which is claimed to have brought about an unlawful injury to the plaintiff which entitles the plaintiff to relief." Saphir v. Neuseadt, 177 Conn. 191, 207 (1979).
Our doctrine of relation back is akin to rule 15(c) of the Federal Rules of Civil Procedures and is based upon the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. Sharpe v. Mitchell, 209 Conn. 59, 72 (1988). The amendments to the complaint in the present case characterizes the conduct alleged in the original complaint as recklessness and therefore amplifies and expands on the previous allegations setting forth an alternative theory of recovery. The institution of the original complaint provided sufficient notification to the defendant as to the conduct providing the basis for litigation and the subsequent recharacterization of that conduct as recklessness does not set forth a new cause of action. Gurliacci v. Mayer, 218 Conn. 321 (1991) (amendment filed after the expiration of a statute of limitation which added allegations that the defendant was acting either willfully, wantonly and maliciously or, outside the scope of employment, does not constitute a new cause of action.).
Accordingly, the Motion to Strike is denied. CT Page 1130
RUSH, J.