[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action to foreclose a mechanic's lien on real property in Windsor Locks, Connecticut owned by B G Realty, Inc. (defendant).
Defendant asserts (1) that plaintiff's action is barred by the limitations on the right to enforce the lien under C.G.S. 49-39; and (2) it is excused by payment under C.G.S. 49-36.
Facts
On or about April 25, 1990 plaintiff entered into a contract to demolish certain structures and to do certain excavating work with a general contractor named Sunburst Construction Group, Inc. (Sunburst) on defendant's real property. Plaintiff did some work on the property beginning April 25, 1990 and ending November 29, 1990.
On December 4, 1990 plaintiff executed a mechanic's lien and a notice of mechanic's lien. The mechanic's lien was recorded in the Windsor Locks town clerk's office at 3:50 P.M. December 7, 1990 upon receipt from Deputy Sheriff Albert E. Graham, Sr. (Graham). On December 12, 1990 Graham deposited in the Hartford post office, postage prepaid and certified, return receipt requested, two true and attested copies of the original mechanic's lien and notice of subcontractor's lien, the first addressed to B G Realty, Inc., 212 West Wisconsin Avenue, Milwaukee, WI 53202, and the second addressed to Sunburst Construction Group, Inc., 205 Reidhurst Avenue, Suite N-207, Nashville, TN 37203.
The sheriff's return of December 7, 1990 states that, CT Page 6316 "The within is a true and attested copy of the original Mechanic's Lien and original Notice of Subcontractor's Lien with my doings thereon endorsed." Only a copy of the mechanic's lien was attached to the return. The return also states that, "Supplemental Return to Follow." No such supplemental return was made, but Graham did swear to and sign an affidavit on September 3, 1991 in which he stated, inter alia, that some time after December 12, 1990, he received the return receipts from his two registered mailings and that he has misplaced them and after "diligent search" has been unable to find them. No documentation was offered to support this.
On September 5, 1991, Graham filed a lis pendens "on the land records of the Town of Windsor." No other lis pendens was ever filed.
The court cannot find from the evidence, including plaintiff's testimony, that plaintiff ever entered into an oral contract with Sunburst on or about April 25, 1990, May 15, 1990 or July 15, 1990. The court finds that April 25, 1990 was a Wednesday; May 15, 1990 was a Tuesday; and July 15, 1990 was a Sunday.
The court cannot find that plaintiff waived his mechanic's lien rights in regard to any oral contract.
The court cannot find that defendant made payment so as to excuse it under C.G.S. 49-36.
The court cannot find that Sunburst was an agent for B G in regard to making contracts with plaintiff.
Pleadings
Plaintiff originally brought his complaint in one count based on one written contract with Sunburst dated April 25, 1990. There is no allegation that the defendant landowner consented to that contract. On December 18, 1991 the plaintiff filed a revised complaint in two counts alleging two oral contracts with Sunburst, one on or about July 15, 1990 (First Count) and one on or about May 15, 1990 (Second Count). On March 10, 1992 plaintiff filed another revised complaint in two counts alleging two oral contracts, one on or about April 25, 1990 (First Count) and one on or CT Page 6317 about May 15, 1990 (Second Count). In addition an "Amendment to Revised Complaint" filed December 18, 1991 was filed on January 29, 1992 to add "paragraphs 5 and 6." That amendment does not indicate whether those two paragraphs are to be added to one or both counts of the revised complaint but, because of context, the court finds it to be both.
In none of the last three submitted complaints is there any allegation that the defendant landowner consented to either of the two contracts claimed in each complaint.
None of the pleadings allege a contract between B G and plaintiff.
B G's answer leaves the plaintiff to his proof in regard to the existence of the two oral contracts alleged in the final complaint.
Law
Time Limitation for Enforcement
Our practice envisions a separate count in a complaint for each separate cause of action. Practice Book 138. Plaintiff recognizes this in his final complaint in that he puts his causes or action based on two oral contracts in two separate counts.
His first complaint was timely filed, i.e. "within one year from the date the lien was recorded." C.G.S. 49-39. That complaint contained one cause of action based on one written contract of April 25, 1990.
The second complaint was not filed within the year but plaintiff claims its allegations relate back to the prior complaint unless the amendment constitutes a new cause of action. Keenan v. Yale New Haven Hospital, 167 Conn. 284,285. "An amendment which sets up a new and different cause of action speaks as of the date when it is filed." id. 285. Thus, if either or both of the two causes of action alleged in the revised complaint of December 18, 1991 is a "new and different cause of action" as to such a cause, the complaint does not relate back and the time limitation for enforcement has run. CT Page 6318
This is a statutory action. There are three statutory ways in which someone who has provided materials or services to benefit real property may obtain a lien. First, a person who has either an agreement with or the consent of the owner of the land may file a mechanic's lien under C.G.S. 49-33. That statute contemplates filing of such liens by both a general contractor and a subcontractor. Second, a subcontractor who has a written contract with the general contractor to which the landowner assents may have a lien. C.G.S. 49-35(a). And third, a subcontractor without such a written contract with the general contractor may file upon giving the appropriate notice under C.G.S. 49-35.
The original complaint was based on a written contract between plaintiff and the general contractor, Sunburst, without any allegation of consent by the defendant landowner and thus, the first and second methods laid out above would not be complied with under that complaint. The revised complaint filed December 18, 1991 is based on two oral agreements with Sunburst. Neither of those two oral contracts are claimed to be on the same date as the written contract claimed in the original complaint. Neither of those two oral contracts claim the same consideration running to either Sunburst or to plaintiff. Neither of the counts set out in the complaint filed December 18, 1991 relates back to the cause of action set out in the original complaint. Goodrich v. Alfred, 72 Conn. 257, 260-261; Wildman v. Wildman, 70 Conn. 700, 707-708. To relate back to the original complaint the causes in the amended complaint must arise from the same single group of facts as in the original complaint. Jonap v. Silver, 1 Conn. App. 550, 555-556. That is not true of either count on any of the three latter complaints.
The time limitation on the right to enforce the lien ran on December 8, 1991. C.G.S. 49-39.
Judgment for defendant.
N. O'Neill, J. CT Page 6319