[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT.
This case was claimed to the trial list on March 29, 1993. Jury selection commenced on October 18, 1994 and was not completed until the afternoon of October 28, 1994. Actual trial will commence on November 2, 1994.
Plaintiff commenced this action by Complaint dated February 21, 1992. The present operative complaint is her amended complaint dated May 15, 1992. The amended complaint alleges a state law claim of malicious prosecution against all Defendants. In addition, the Seventh Count alleges against the Defendants Lillis and Shortt a claim of violation of 42 U.S.C. § 1983 under theFifth and Fourteenth Amendments to the U.S. Constitution based on malicious prosecution.
On October 18, 1994 the Court denied the motion for summary judgment dated September 9, 1994 of the CT Page 10293 Defendants Lillis and Shortt. Thereafter, on October 28, 1994, after rehearing upon their motion for reargument filed October 25, 1994, summary judgment was granted in favor of the Defendants Lillis and Shortt on the Seventh Count. On October 26, 1994 Plaintiff filed a request for leave to file an amended complaint. Hearing on that request was held on October 28, 1994.
Plaintiff's request ostensibly relates only to the Seventh Count claim of violation of 42 U.S.C. § 1983 by the Defendants Lillis and Shortt. Summary judgment on the present Seventh Count was granted in favor of these Defendants on the basis of the recently reported and squarely on point U.S. Supreme Court case of Albright v.Oliver, ___ U.S. ___, 114 S.Ct. 807 (1994), reh'g denied,114 S.Ct. 1340 (March 21, 1994). Albright held that there is no substantive right under the Due Process Clause of the Fourteenth (and therefore also of the Fifth) Amendment to the U.S. Constitution to be free of prosecution without probable cause. Rather, such right to the extent it exists, must be based on theFourth Amendment. The resolution of that issue was left open for another day.
The primary opinion in Albright written by Rehnquist, C.J., was joined in by O'Connor, Scalia and Ginsburg, Js., the latter two also issuing a concurring opinion. Concurring opinions were written by Kennedy, J., joined in by Thomas, J., and by Souter, J. Two justices dissented, Stevens and Blackmun, Js. The various concurring opinions differed on the extent to which, if at all, the Fourth Amendment applied. Justices Kennedy and Thomas opined that under the rule of Parratt v.Taylor, 451 U.S. 527, 535-544, 101 S.Ct. 1908, 1912-1917,68 L.Ed.2d 420 (1981), there is no 42 U.S.C. § 1983
remedy based on the Fourth Amendment so long as the State provides an adequate postdeprivation remedy. Albright v.Oliver, supra, at 1145 S.Ct. 818. The tort remedy of malicious prosecution is such an adequate remedy. Id., 819.
Plaintiff's proposed Seventh Count amendment merely substitutes a reference to the "Fourth" Amendment to the present reference to the "Fifth" Amendment in Paragraph 3 thereof. The proposed operative language would read CT Page 10294 that the Defendant's conduct "deprived the plaintiff of the rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States of America. . . . (Emphasis added.)
For statute of limitation purposes, an amendment to a complaint relates back to the date of the initiation of the lawsuit, unless it alleges a new cause of action; if so, the amendment speaks as of the date when it is filed.Sharp v. Mitchell, 209 Conn. 59, 70-75 (1988); Keenan v.Yale New Haven Hospital, 167 Conn. 284, 285 (1974). The parties agree that the governing statute of limitations is the three-year limitation of General Statutes § 52-577. Taking a date most favorable to the Plaintiff, namely the date of the dismissal of the criminal charge against her, the limitations expiration date regarding a new cause of action was June 25, 1994.
A 42 U.S.C. § 1983 claim grounded upon a violation of the search and seizure provisions of the Fourth Amendment is a new and distinct cause of action from a claim grounded upon the substantive due process provisions of the Fifth and Fourteenth Amendments. Albright v. Oliver, supra; Moffitt v. Town of Brookfield,, 759 F. Sup. 94
(D. Conn. 1991).
Albright involved a 42 U.S.C. § 1983 claim based upon malicious prosecution where, as in this case, the plaintiff had submitted himself to arrest and was released on bond. That a Fourth Amendment claim represented a new and distinct cause of action is implicit in the primary, concurring and dissenting opinions. In fact, in her concurring opinion, Justice Ginsburg opined that had the plaintiff sought to amend his complaint by addition of a Fourth Amendment claim, the statute of limitations on this new cause of action would begin to run on the date of the dismissal of the criminal charges, not on the earlier date of the arrest and release on bond.
Moffitt v. Town of Brookfield, supra, is directly on point. On the eve of trial the plaintiff sought to amend his 42 U.S.C. § 1983 complaint by adding aFourth Amendment search and seizure claim to his original allegation of denial of due process. Judge Eginton ruled CT Page 10295 that the proposed Fourth Amendment claim was a new cause of action, and was therefore barred by General Statutes § 52-577.
The proposed amendment in this case alleges a new and distinct cause of action and is barred by General Statutes § 52-577. Even if the limitations period had not yet run, permitting this proposed amendment made on the eve of trial, after three years of pleadings and discovery, would unduly prejudice the Defendants and delay the trial.
The Court further notes that the proposed amendment contains the Sixth and Eighth Counts, respectively against the Town of New Milford (no longer a defendant in this case) and the Defendant Lillis, which were withdrawn on March 23, 1993. In addition, the Third Count of the proposed amendment, against the Defendant Scott, contains a Paragraph 6 and allegations therein which do not appear in the present amended complaint.
Plaintiff's request for leave to amend the [amended] complaint is denied.
DAVID L. FINEBERG, J.