[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST TO AMEND COMPLAINT
Plaintiff Jamie M. Keller has brought suit against the Defendants Town of East Hartford ("Town") and East Hartford Women's Flag Football League ("League") for injuries incurred while playing in a flag football game organized, sponsored and CT Page 1287-EEE conducted by the Defendant League on a playing field owned by the Defendant Town. The injury occurred on October 10, 1993. This lawsuit was commenced by service on the Town on October 3, 1995. Service on the League was made on October 4, 1995.
In identical separate counts against each Defendant, the complaint alleges that the field was in poor condition by reason of the Defendant's negligence, the specifications thereof basically setting forth negligent maintenance. By Request to Amend filed November 28, 1995, the Plaintiff seeks to amend her complaint by adding an identical additional count against each Defendant. The new counts sound in negligent nuisance and are based on the same facts and specifications set forth in the existing counts.
The Defendants oppose Plaintiff's request to amend on the ground that the proposed additional counts allege a new cause of action that is barred by General Statutes § 52-584, the statute of limitations applicable to injuries caused by negligence. The Plaintiff does not contest the applicability of § 52-584.
For statute of limitations purposes, an amendment to a complaint relates back to the date of the initiation of the lawsuit, unless it alleges a new cause of action; if so, the amendment speaks as of the date it is filed. Sharp v. Mitchell,209 Conn. 59, 70-75 (1988); Keenan v. Yale New Haven Hospital,167 Conn. 284, 285 (1974). Accordingly, if the proposed additional counts set forth a new cause of action, they are barred by the statute of limitations, and Plaintiff's request must be denied.
"It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." Giglio v. Connecticut Light Power Co., 180 Conn. 230,239 (1980), quoting Gallo v. G. Fox Co., 148 Conn. 327, 330
(1961). The test is whether an entirely new and different factual situation is presented. Sharp v. Mitchell, supra, 71-72.
Sharp v. Mitchell held that an amendment alleging negligent design and construction of a facility did not relate back to a complaint alleging negligent supervision in sending employees into the facility. Keenan v. Yale New Haven Hospital,
supra, held that an amendment alleging assault and battery CT Page 1287-FFF based on lack of informed consent did not relate back to a complaint alleging medical malpractice. Gallo v. G. Fox Co.,
supra, held that an amendment alleging a fall due to a foreign substance on the floor did not relate back to a complaint alleging a fall due to a defective escalator. In each case the factual basis or act of negligence was different. See also,Moffitt v. Town of Bloomfield, 759 F. Sup. 94 (D.Conn. 1991), holding that a 42 U.S.C. § 1983 claim grounded upon a violation of the search and seizure provisions of the Fourth Amendment is a new and distinct cause of action from a claim grounded upon the substantive due process provisions of the Fifth and Fourteenth Amendments.
Conversely, in Giglio v. Connecticut Light PowerCo., supra, an amendment adding a claim that the defendant had permitted certain defects to remain in a furnace system to a complaint alleging strict liability did not state a new cause of action as the gravamen of the cause of action remained a defective furnace. Similarly, Baker v. Baker, 166 Conn. 476
(1974) permitted an amendment asking for a divorce rather than a legal separation. See also, Bielaska v. Waterford, 196 Conn. 151
(1985). In each case, the factual bases or series of transactions upon which the complaint was based was unchanged.
In the present lawsuit, the factual bases and specifications of negligence alleged in the proposed amendment are the same as those alleged in the existing complaint. No new or different factual situation is presented. The proposed amendment relates back.
The Defendants' objections are denied. The Plaintiff's request to amend is granted.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT