[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff has brought a claim of medical practice. In the operative complaint which the plaintiff now seeks to amend there are a series of allegations in negligence. It is alleged that the doctors failed to respond appropriately to an August 27, 1990 ultrasound test which apparently would have shown the presence of a tumorous mass. It is further alleged that the doctor's failed to properly diagnose the deceased's condition and use the skill and care expected of people in their medical specialty. The plaintiff also claims the doctors failed to order CT Page 5252-GG an MR examination and failed to operate and remove the tumor discovered in the August 27, 1990 ultrasound test. They also are said to have failed to respond to the decedent's worsening condition.
The suit was filed in September 1992. In July 1995 the plaintiff sought to amend the complaint by adding to the above recited claims of negligence another "allegation of negligence".
 "The doctors failed to inform the decedent or her spouse of the contents of the August 27, 1990 ultrasound test, thereby failing to obtain informed consent for her care."
The plaintiff seeks to add a count also factually based on the alleged failure of the defendants to disclose to the decedent and her husband the results of this test. In this count the plaintiff alleges failure to inform the decedent of this information; "constitutes a violation of (the defendants') fiduciary duty to disclose information to their patient to enable her to make an informed decision."
The defendants object to the request to amend claiming it comes too late and to repeatedly allow amendments is unfair and prejudicial. The policy in our state has been very liberal in allowing amendments to a complaint before trial. The case is not set down on the trial list. Apparently depositions have not been completed so that the matter is not even ready for pretrial. The added allegations especially when compared to the claims already made in the case do not add a layer of complicated factual issues and legal questions that could not be addressed by the defendants prior to trial. These considerations would not be sufficient reasons for the court deny the request to amend.
However, the defendants also object to the amendments on the ground that it asserts a new cause of action and is thus barred by the statute of limitations. The plaintiff does not appear to dispute the assertion that a new cause of action would be barred by the limitations statute but argues that a new cause of action is not being asserted and the amendment in fact should be allowed under the reasoning of Giglio v. CL P, 180 Conn. 230 (1980). That case held that our relation back doctrine is akin to practice under Rule 15(c) of the Federal Rules of Civil Procedure. A helpful analysis of the so-called relation back doctrine is set forth in Federal Practice and Procedure Wright, Miller, and Kane, Vol. 6A, § 1497. At page 85 it says: CT Page 5252-HH
 "Because the rationale of the relation back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading."
 Giglio agrees and adopts this rationale in dealing with relation back questions 180 Conn. at page 240. The relation back-doctrine in the Federal courts has been liberally interpreted and this is in harmony with our state's traditional liberality in allowing amendments. One early Federal case went so far as to say:
 "Limitations is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his (sic) evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to the first statement", Barthel v. Stamm, 145 F.2d 487, 491 (CA 5, 1944).
The test, however, is "fair notice" and the mere fact that an original complaint asserts various acts or failures to act which constitute negligence does not mean any other claim of negligence can be added on by way of amendment after the statute of limitations has run. Thus in not permitting the amendment the court in Sharp v. Mitchell, 209 Conn. 59, 73-74 (1988) said the following:
 "These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability. The fact that the same defendant is accused of negligence in each complaint and the same injury resulted, i.e. the death of three employees by asphyxiation, does not make any and all bases of liability relate back to an original claim of CT Page 5252-II negligence. The defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged Norbert Mitchell, Jr. was negligent in ordering the employees to enter the area. See Giglio v. Conn. Light Power, Co., supra. The evidence concerning whether the defendant Mitchell was negligent when he sent three employees into a dangerous area is not necessarily relevant to evidence concerning who designed the underground area."
Moving from these general considerations to the facts and allegations here it is first necessary to examine the cases ofKeenan v. Yale New Haven Hospital, 167 Conn. 284 (1974) and Loganv. Greenwich Hospital Association, 191 Conn. 282 (1983). Keenan itself is not that helpful since it is a per curium decision and does not discuss the facts in any detail but a footnote in Logan
commenting on Keenan must be analyzed to determine its relevance to the problem now before the court. In footnote 2 at 191 Conn. page 288 the court says:
 "2. In Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974) we held that an amendment to a malpractice complaint stating that a physician had `assaulted the plaintiff by performing a surgical operation on him without securing his informed consent'
stated a cause of action separate and distinct from the negligence originally pleaded, did not relate back to the date of commencement of the action and was, therefore, barred by the applicable statute of limitations, General Statutes § 52-584." (Emphasis added).
That comment cannot be woodenly used to argue that the amendment should not be allowed in this case. In Logan itself the court discussed the consent of the patient question and how it is differently treated in a battery action based on lack of consent and a negligence action based on lack of informed consent. The court noted that the theory of battery against a doctor has been confined to situations where the doctor fails to obtain any consent to a type of treatment or performs a procedure different from the one consented to by the patient or where the doctor realizes the patient does not understand what the procedure, usually an operation, entails. The negligence claim of failure to make a sufficient disclosure, which as the court notes is the CT Page 5252-JJ usual basis for a lack of informed consent claim, presents the question, "not whether there was an effective consent which would preclude an action for battery, but whether the physician had fulfilled his (sic) duty of informing the patient under the appropriate standard," 191 Conn. at page 282. And the standard the court went on to adopt is the so-called "lay standard of disclosure". Under this standard there is a "duty to disclose such information as a `reasonable patient would consider material to the decision whether or not to undergo treatment or diagnosis'". Id. page 292, also see page 293.
But the factual elements on which that duty is to be analyzed here in relation to the disclosure of the August 27, 1990 report, seem to be intrinsically intertwined with the question of whether the doctor defendants here were negligent in failing to act upon the information they learned in the August 27, 1990 report. But that has already been alleged in the complaint now sought to be amended. The only really added "fact" not apparent or part and parcel of the "facts" necessary to prove the negligence allegations in the original complaint is the fact that no disclosure was made to the patient of the August 27, 1990 report. But it could be argued that if in fact the report contained "material" information the defendants should have acted on, ipso facto they should have made disclosure to the patient of this information because that is a standard of care requirement of which practicing physicians should be aware.
Thus it cannot be said that we have the circumstances here that dictated to the Sharp court that the amendment should not be allowed but rather that the broad "fair warning" principle set forth in Barthel v. Stamm, supra should govern.
The problem presented here is similar to the one discussed by Judge Blumenfeld in Zagurski v. American Tobacco Corporation,44 FRD 440 (D. Conn., 1967). In that case the plaintiff sued for personal injuries he allegedly suffered from smoking the defendant corporation's cigarettes. As noted in Wright at § 1497, page 91 the original complaint rested on a claim of negligent manufacture and implied warranties allegedly made by advertisements to the effect that the cigarettes were fit for personal use. The defendant sought to amend his complaint by charging the defendant negligently failed to warn of the inherent dangers of smoking cigarettes.
The court held that the amendment was not barred by the CT Page 5252-KK statute of limitations. The court said:
 "Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the `conduct transaction or occurrence', set forth in the complaint. . . . The defendant has had notice from the beginning that plaintiff is trying to enforce a claim for damages sustained from smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly", Id. pp. 442-443.
To require anticipation of the sought after amendment inSharp would have been unreasonable but given the circumstances here, although it is a close case, I cannot say it is unreasonable, unfair or would stretch fair notice requirements beyond the limits to permit the amendment here. The objection to the amendment is overruled.
Thomas Corradino, Judge