[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
On June 10, 1997, the plaintiff, Allan Gossett, Jr. filed a complaint sounding in medical malpractice against the defendant, Mark E. Stefanov, D.M.D. The plaintiff's action arises from dental care he received from the defendant. According to the plaintiff, because the defendant failed to prescribe antibiotic medication following a tooth extraction, the plaintiff was forced to undergo a surgical procedure to drain his sinuses.
On September 9, 1997, the defendant filed a motion to strike the plaintiff's complaint for failure to file a certificate of good faith belief that there had been negligence in the treatment CT Page 13013 of the plaintiff, as required by General Statutes § 52-190a. This court granted the defendant's motion to strike on September 29, 1997.
The plaintiff filed a substitute complaint, containing the same allegations of medical malpractice, on October 13, 1997. This time, however, the plaintiff attached a certificate of good faith belief. On October 27, 1997, the defendant filed a request to revise the substitute complaint. Subsequently, the plaintiff filed a revised substitute complaint on November 7, 1997.
Before the court is the defendant's motion to strike the revised substitute complaint. The grounds for the motion to strike are that the plaintiff failed to file the certificate of good faith belief within the statute of limitations provided in General Statutes § 52-584, and that allowing the plaintiff to revise his complaint after the statute of limitations has run would contravene General Statutes § 52-190a(b), Practice Book § 175, and public policy. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of the motion to strike. On December 3, 1997, the plaintiff filed an objection to the defendants motion to strike and a memorandum of law in support of his objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987). CT Page 13014
In support of the motion to strike, the defendant argues that the plaintiff's complaint is legally insufficient because the plaintiff failed to file a request for a ninety-day extension to file the certificate of good faith belief, as provided for in General Statutes § 52-190a(b). According to the defendant, the plaintiff's failure to request an extension bars the October 13, 1997 certificate of good faith belief because the plaintiff filed it after the expiration of the two year statute of limitations provided in General Statutes § 52-584. Additionally, the defendant contends that the plaintiff's complaint is legally insufficient because the plaintiff had the opportunity to include a certificate of good faith belief within thirty days of the return date, pursuant to Practice Book § 175, and failed to do so. Finally, the defendant claims that the plaintiffs filing of a certificate of good faith belief at this late date violates public policy. In particular, the defendant asserts that allowing the plaintiff to file the certificate with a substitute complaint, after the motion to strike has been granted, unreasonably extends the statute of limitations and defeats the purpose of General Statutes §§ 52-584 and 52-190a.
The plaintiff's objection to the motion to strike admits that the plaintiff did not file for a ninety-day extension to file the certificate of good faith belief as allowed under General Statutes § 52-190a(b). As well, the plaintiff admits that he did not utilize the provision of Practice Book § 175 which would have allowed him to include the certificate. The plaintiff, however, claims that the substituted complaint and certificate of good faith belief should not be stricken because they were filed in accordance with Practice Book § 157. According to the plaintiff, because the original complaint was filed within the two year statute of limitations and then stricken, he could file a substitute complaint and certificate of good faith belief within fifteen days, as Practice Book § 157 permits.
"[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book § 152 (1) for failure to state a claim upon which relief can be granted, and to render that absence curable by timely amendment pursuant to Practice Book § 157 and 175." LeConche v. Elligers, 215 Conn. 701,711, 579 A.2d 1 (1990). Practice Book § 157 provides, in part, "[w]ithin fifteen days after the granting of any motion to CT Page 13015 strike, the party whose pleading has been stricken may file a new pleading . . ." "Amendments relate back to the date of the complaint unless they allege a new cause of action." (Citation omitted.) Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974).
In ruling on the present motion to strike, the court recognizes the means by which the plaintiff could have amended his original complaint to include a certificate of good faith belief. Both Practice Book § 175 and General Statutes §52-190a(b) would have provided additional time for the plaintiff to file the requisite certificate. It was the plaintiffs failure to avail himself of these provisions which, in part, made the original complaint susceptible to a motion to strike. This court's granting of the motion to strike, however, did not preclude the plaintiff from gaining another opportunity to set forth a legally sufficient complaint. The Connecticut Supreme Court addressed this issue in LeConche v. Elligers.
 LeConche concerned the plaintiffs appeal from the judgment of the trial court dismissing for lack of subject matter jurisdiction their medical malpractice complaint. In concluding that a certificate of good faith belief is not a subject matter jurisdictional requirement for a malpractice action against a health provider, the court stated that "[t]he purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. In light of that purpose, the lack of a certificate does not defeat what would otherwise be valid jurisdiction in the court. The purpose is just as well served by viewing the statutory requirement that the complaint contain a good faith certificate as a pleading necessity akin to an essential allegation to support a cause of action. Viewed through that prism, the absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book § 152 (1) for failure to state a claim upon which relief can be granted, and to render that absence curable by timely amendment pursuant to Practice Book §§ 157 and 175." LeConche v.Elligers, 215 Conn. 701, 711, 579 A.2d 1 (1990).
The posture of the present case mimics that which was posited in LeConche. Thus, the legal deficiency in the plaintiff's CT Page 13016 original complaint, created by the lack of a certificate of good faith belief, could be cured. By filing a new pleading that contains a certificate of good faith belief, within fifteen days of the granting of the motion to strike, such defect is cured.
The only remaining question for this court is whether the plaintiff's substitute complaint and certificate of good faith belief were filed within the two year statute of limitations provided in General Statutes § 52-584. It is well established that "[a]mendments relate back to the date of the [original] complaint unless they allege a new cause of action." (Citation omitted.) Keenan v. Yale New Haven Hospital,167 Conn. 284, 285, 355 A.2d 253 (1974).
Here, the plaintiff's amended complaint alleges the same cause of action as the original complaint, medical malpractice. Accordingly, the plaintiff's amended complaint relates back to the date of the original complaint. The date of the original complaint is June 10, 1997. Both the plaintiffs complaint and the defendant's memorandum of law in support of the motion to strike state that June 22, 1995 was the date of the defendants, alleged negligence. Therefore, the original complaint was filed within the two year statute of limitations. Subsequently, the plaintiff's amended complaint is not barred by the statute of limitations.
Because the plaintiff amended his complaint pursuant to Practice Book § 157 and the amended complaint relates back to the date of the original complaint, the defendants motion to strike is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee