[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION OF DEFENDANT QUICK AND DEFENDANT PARACO GAS TO PLAINTIFF'S REQUEST TO AMEND COMPLAINT.
The plaintiff, Alice Daum (Daum), brought this action against multiple defendants to recover for personal injuries allegedly sustained after an explosion and fire on the business premises of Stamford Propane. Daum alleges that her injuries were caused in part by the negligence and carelessness of defendants Harry, v CT Page 7608 Quick (Quick) and Paraco Gas Corporation a/k/a Paraco Fuel Corporation (Paraco).
Daum filled a request to amend, dated April 22, 1997, pursuant to Practice Book § 176, now Practice Book (1998 Rev.) § 10-60. On May 2, 1997, defendant Harry Quick filed an objection to Daum's request to amend. On May 7, 1997 defendant Paraco filed an objection to Daum's request to amend. This court heard argument on these objections on April 27, 1998.
I. Defendant Quick's Objection to Request to Amend
In Daum's second amended complaint, dated June 13, 1995, she alleges in count twenty-three, paragraph 22, that Harry Quick was negligent "in one or more of the following ways: (a) In that he lit a lighter and/or lit a cigarette in the business premises of Stamford Propane, Inc., when he knew or in the exercise of reasonable care should have known that such actions should not be taken on the premises of a propane gas distribution facility and, if taken could cause a propane gas explosion; (b) In that he failed to follow written and/or oral warnings to refrain from smoking cigarettes or lighting lighters while in the business premises of Stamford Propane, Inc.; and (c) In that he lit a lighter and/or lit a cigarette while in the business premises of Stamford Propane, Inc. despite the fact that he smelled the odor of propane gas and he knew or in the exercise of reasonable care should have known that propane gas was present in the premises and the lighting of a lighter or cigarette could ignite same and cause same to explode."
In the proposed third amended complaint, Daum repeats the allegations against Quick from her earlier complaint and seeks to add paragraphs 21a through 21f, and 22(d) through 22(1) to count twenty-three. Daum alleges, in the proposed amendments, that Quick had a business relationship with Michael Vitti, Anthony Vitti, Anthony Vitti d/b/a Mechanical Systems and Stamford Propane, and assisted in the business operation of Stamford Propane prior to the July 14, 1993 explosion. Daum also alleges that Quick undertook the training of Michael Vitti and others in propane gas, propane gas lines, appliances and valves in connection with the business operation of Stamford Propane. Daum further alleges that Quick was negligent in failing to train Michael Vitti and others properly, in entrusting the business operations of Stamford Propane to Michael Vitti, and for various acts or omissions related to the leaking propane gas and the CT Page 7609 propane supply line.
Quick objects to Daum's request to amend on the grounds that the proposed amendments allege a knew cause of action which is time barred pursuant to the applicable statute of limitations, General Statutes § 52-584.[1] Daum argues that the amended complaint merely expands on facts previously alleged and therefore, relates back to the filing of the original complaint.
Daum alleges that she was injured in an explosion and fire on July 14, 1993. Because the statute of limitations expired two years from the date of the injuries, the proposed amendments must relate back or they will be time barred. "Amendments relate back to the date of the complaint unless they allege a knew cause of action. . . . an amendment to a complaint which sets up a knew and different cause of action speaks as of the date when it is filed." Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974).
The court must compare the complaints and determine whether the facts alleged in the amendment merely amplify or expand upon the facts which make up the underlying conduct or transaction from the earlier complaint, or whether a knew factual situation, and thus, a knew cause of action is presented. "The test for determining whether or not a knew cause of action has been alleged is somewhat nebulous." Jonap v. Silver, 1 Conn. App. 550,556 474 A.2d 800 (1984). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely knew and different factual situation is presented, a knew and different cause of action is stated." (Citation omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra, 218 Conn. 546-47. CT Page 7610
The relation back doctrine is similar to rule 15(c) of the Federal Rules of Civil Procedure and has been liberally interpreted. Id., 547; see also Web Press Services Corp. v. NewLondon Motors. Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987), andMarciano v. Vega Enterprises. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354446 (January 29, 1996, Corradino, J.) (16 Conn. L. Rptr. 133). While the relation back doctrine should be liberally interpreted, it cannot be applied "beyond the bounds of fair notice." Fuller v. Larke,
Superior Court, judicial district of New Haven at New Haven, Docket No. 301800 (November 7, 1996, Corradino, J.). The court must determine whether based on the original allegations, the defendant could have anticipated having to defend against the new allegations.
This court has reviewed numerous cases which have addressed the relation back of amendments. See, e.g., Sharp v. Mitchell,209 Conn. 59, 546 A.2d 846 (1988); Keenan v. Yale New HavenHospital, 167 Conn. 284, 355 A.2d 253 (1974); Fuller v. Larke,
supra, Superior Court, Docket No. 301800; Gallo v. G. Fox Co.,148 Conn. 327, 170 A.2d 724 (1961); Gurliacci v. Mayer, supra,218 Conn. 531; Giglio v. Connecticut Light Power,180 Conn. 230, 429 A.2d 486 (1980); Marciano v. Vega Enterprises. Inc.,
supra, Superior Court, Docket No. 354446; Cooper v. Ketover,35 Conn. Sup. 38, 393 A.2d 64 (1978). The present case, like these cited cases can be analyzed in terms of the identity of the underlying conduct or transaction alleged and the fair notice test.
In the present case, Daum alleged that Quick was negligent in relation to lighting a lighter and/or a cigarette while on the business premises of Stamford Propane on July 14, 1993. The proposed amended complaint seeks to add allegations of Quick's actions or omissions, prior to July 14, 1993, regarding the business operation of Stamford Propane, including training Michael Vitti and others, and regarding the leaking propane gas and the propane supply line. The amendment presents an entirely knew factual situation. Quick's negligence as initially alleged was related to the discrete act of lighting a lighter and/or cigarette on July 14, 1993, on the premises of Stamford Propane. In the amended complaint, the underlying alleged delict by Quick is wholly unrelated to the lighting of a lighter and/or cigarette, and allegedly occurred prior to July 14, 1993. The original allegations did not give Quick fair notice that he might later be required to defend allegations regarding actions or CT Page 7611 omissions related to the business operations of Stamford Propane which occurred prior to July 14, 1993.
"A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Fuller v. Larke, supra, Superior Court, Docket No. 301800, quoting Wisbey v. American Community Stores Corp.,288 F. Sup. 728, 734 (D. Neb. 1968).
Evidence of Quick's acts or omissions in relation to the business operations of Stamford Propane, the training of Michael Vitti and others, and the leaking propane and propane supply line could not be introduced under the original allegations of negligence in relation to lighting a lighter and/or cigarette on July 14, 1993.
This court finds that the amended complaint alleges a knew cause of action against Quick which is time barred under General Statutes § 52-584. Accordingly, defendant Quick's objection to Daum's request to amend is sustained.
II. Defendant Paraco's Objection to Request to Amend
In count twenty-five, paragraph 22, of Daum's second amended complaint, she alleges that defendant Paraco was negligent "in one or more of the following ways: (a) In that it failed to properly train its employees, including Harry Quick, to refrain from smoking and/or lighting lighters while working at, near or around propane gas; (b) In that it failed to properly supervise its employees, including Harry Quick, so as to prevent them from lighting cigarettes and/or lighting lighters when working at, near or around propane gas; and (c) In that it employed personnel, including Harry Quick, who lacked sufficient knowledge in safety procedures when working around propane gas."
In the proposed third amended complaint, Daum repeats the allegations against Paraco from her earlier complaint, and seeks to add paragraphs 21a through 21f, and paragraphs 22(d) through 22(l) to count twenty-five. In the proposed amendments Daum adds the same allegations against Paraco that she added against Quick. These amendments relate to an alleged relationship with Michael Vitti, Anthony Vitti, Anthony Vitti d/b/a Mechanical Systems and Stamford Propane; undertaking the training of Michael Vitti and others with regard to the handling of propane gas, propane gas CT Page 7612 appliances and valves in connection with the business operation of Stamford Propane, and failing to do such training properly; and other acts or omissions in relation to the leaking propane gas and the propane supply line.
In the original complaint the underlying alleged delict on the part of Paraco relates to its practices in relation to its employees. The proposed amended complaint alleges negligence due to improper training of "Michael Vitti and others." Michael Vitti is not employed by Paraco. In fact, Daum herself alleges in count one, paragraph 13, which is incorporated into count twenty-five, that Michael Vitti was "the agent, servant, or employee of Stamford Propane, Inc. and was acting in the scope of his employment with Stamford Propane, Inc." The amended complaint further alleges negligence for acts or omissions in relation to the propane supply line and the leaking propane, and in relation to the business operations of Stamford Propane. These allegations present a different factual situation, and thus, a new cause of action, than the original complaint.
The original allegations did not give Paraco fair notice that it might later be required to defend allegations regarding training of non-employees, the business operations of Stamford Propane, or leaking propane. "The fact that the same defendant is accused of negligence in each complaint and the same injury resulted. . . does not make any and all bases of liability relate back to an original claim of negligence." Sharp v. Mitchell,
supra, 209 Conn. 73. This court finds that evidence needed to show the amended allegations of negligence could not be introduced to show Paraco's negligence in training, supervising and hiring employees.
It is concluded that the amended complaint alleges a new cause of action against Paraco which is time barred under General Statutes § 52-584. Therefore, Paraco's objection to Daum's request to amend is sustained.
D'ANDREA, J