[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST TO AMEND COMPLAINT
The Plaintiff Debora L. Greatsinger has brought this action against the Defendants Duhamel and Duhamel, Inc. (Duhamel); Saturn of Branford, an entity of Saturn of Wallingford, Inc. (Saturn); and Connecticut Auto Body and Truck Works, Inc. (Auto Body). The present complaint[1] is in three counts and concerns claims incident to the damage and repair of Plaintiff's automobile following an automobile accident.
By Request dated March 27, 2000, the Plaintiff requests leave to amend her complaint by filing a "Fifth Revised Complaint" containing the present three counts with the addition of three additional counts basically sounding in negligence. The Defendant Saturn opposes Plaintiff's request to amend on the ground that the proposed additional counts allege a new cause of action that is barred by General Statutes § 52-584, the statute of limitations applicable to injuries caused by negligence.[2] The Plaintiff does not contest the applicability of § 52-584. A request to amend a complaint may be denied if the claim sought to be added is barred by a relevant statute of limitations. See, e.g., Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665, 666-68, cert. denied, 220 Conn. 922 (1991).
For statute of limitations purposes, an amendment to a complaint relates back to the date of the initiation of the lawsuit, unless it alleges a new cause of action; if so, the amendment speaks as of the date it is filed. Sharp v. Mitchell, 209 Conn. 59, 70-75 (1988); Keenan v.Yale New Haven Hospital, 167 Conn. 284, 285 (1974). Accordingly, if the CT Page 6610 proposed additional counts set forth a new cause of action, they are barred by the statute of limitations, and Plaintiff's request must be denied.
"It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239 (1980), quoting Gallo v. G. Fox Co.,148 Conn. 327, 330 (1961). The test is whether an entirely new and different factual situation is presented. Sharp v. Mitchell, supra, 71-72.
Sharp v. Mitchell held that an amendment alleging negligent design and construction of a facility did not relate back to a complaint alleging negligent supervision in sending employees into the facility. Keenan v.Yale New Haven Hospital, supra held that an amendment alleging assault and battery based on lack of informed consent did not relate back to a complaint alleging medical malpractice. Gall v. G. Fox Co., supra, held that an amendment alleging a fail due to a foreign substance on the floor did not relate back to a complaint alleging a fall due to a defective escalator. In each case the factual basis or act of negligence was different. See also, Moffitt v. Town of Bloomfield, 759 F. Sup. 94, (D.Conn. 1991), holding that a 42 U.S.C. § 1983
claim grounded upon a violation of the search and seizure provisions of the Fourth Amendment is a new and distinct cause of action from a claim grounded upon the substantive due process provisions of the Fifth and Fourteenth Amendments.
Conversely, in Giglio v. Connecticut Light Power Co., supra, an amendment adding a claim that the defendant had permitted certain defects to remain in a furnace system to a complaint alleging strict liability did not state a new cause of action as the gravamen of the cause of action remained a defective furnace. Similarly, Baker v. Baker,166 Conn. 476 (1974) permitted an amendment asking for a divorce rather than a legal separation. See also, Bielaska v. Waterford, 196 Conn. 151
(1985). In each case, the factual bases or series of transactions upon which the complaint was based was unchanged.
This action concerns matters occurring from February through May, 1997, incident to repair of Plaintiff's automobile, which had been involved in an accident on February 2, 1997. The issue before this Court is whether the proposed three new counts, or any of them, set forth a new and different cause of action, or merely amplify or expand what has already been alleged in any of the relevant existing counts. In order to make this determination, the Court must compare the proposed new Fourth and Sixth Counts with the existing Second and Third Counts.[3]
CT Page 6611
The Second and Third Counts of the existing complaint as well as the proposed new Sixth Count are directed jointly against the Defendants Saturn and Auto Body.[4] The proposed new Fourth Count is directed solely against Saturn, while the proposed new Sixth Count is directed against both Saturn and Auto Body.
The existing Second Count alleges a cause of action under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. (CUTPA), for violation of General Statutes §§ 14-65f and 14-65g, concerning estimates of vehicle repair costs and waiver thereof, as well as for false and misleading statements regarding repairs made. The Third Count alleges a cause of action for fraud in representing by invoice that Plaintiff's automobile was properly repaired and legal to drive, when in fact it was not.
The Fourth Count sounds in negligence. It alleges that Saturn was negligent in outsourcing Plaintiff's automobile to Auto Body (¶ 16), in negligently and improperly aligning an automobile which could not be properly aligned (¶ 17), in making negligent misrepresentations that the automobile was essentially repaired and legal to drive (¶ 19), and in negligently presenting a false invoice (¶ 20). The Sixth Count alleges that Auto Body was an agent of Saturn, rendering Saturn either liable for any negligence of Auto Body (¶ 17) or negligent in failing to discover its or Auto Body's defective work (¶ 21).
The factual foundation for Plaintiff's claims in the existing Second and Third Counts is Plaintiff's assertion that her automobile was not properly repaired. See, e.g., ¶¶ 16 and 17, common to both counts. The proposed new Fourth and Sixth Counts assert that by reason of negligence her automobile was not properly repaired. No new or different factual situation regarding whether repairs were properly made is presented. The proposed amendment, therefore, relates back.
Plaintiffs request for leave to file an amended complaint is granted. Saturn's objection thereto is denied.
 David L. Fineberg Superior Court Judge