[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant claims that the action brought by plaintiff claiming an intentional tort during a hockey game resulting in injuries to the plaintiff is barred by the three year statute of limitations set forth in C.G.S. § 52-577.
There is no dispute that the injury which spawned this complaint occurred on February 21, 1996. The initial writ as to this defendant was instituted February 19, 1999 just short of three years after the accident. That complaint sounded in recklessness and when a special defense of the statute of limitations under C.G.S. § 52-584 (two years) was interposed together with a motion for summary judgment on that CT Page 5187 special defense was filed, plaintiff amended with a revised complaint permitted by the court (Wagner, J.), which revised complaint alleged an intentional tort. That complaint was filed in July of 1999, and defendant moves for summary judgment on the special defense of the three year statute of limitations, as previously noted.
The issue then is whether or not the revised complaint relates back to the original complaint, which, obviously, was filed within the three year statute of limitations.
There is no doubt that the cause of action of an intentional tort and the cause of action sounding in recklessness are different causes of action. In spite of the language in older cases to the effect that allegations of negligence can never be the same cause of action as allegations of intentional torts such as assault and battery (see Keenanv. Yale New Haven Hospital, 167 Conn. 284, 285 (1974)), the later cases of Sharp v. Mitchell, 209 Conn. 59 (1988) and Gurliacci v. Mayer,218 Conn. 531 (1991) have altered somewhat the definition of a "new cause of action" for purposes of ascertaining relation back.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Citations omitted, Sharp v. Mitchell, supra, 71-72,) additionally our Supreme Court in both Gurliacci and Sharp has cited with approval the federal rules of civil procedure analyses of Rule 15C.
Since the only change in plaintiffs complaint is the substitution of the words willful and intentional for the word reckless, the court cannot in conscience, now that defendant's objection to the amendment has been overruled, rule otherwise than under the analysis required by Gurliacci
and Sharp, the amended complaint relates back to the original complaint. Thus defendant's motion for summary judgment must be and is denied.
Koletsky, J.