PETER LAMALFA *v.* JOHN HIGGINS ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1074

Argued February 23—decided October 8, 1982

*Ivar A. Jozus,* with whom, on the brief, was *Nancy Conaway-Raczka,* for the appellants-cross appellees (defendants).

*David A. Perkins,* for the appellee-cross appellant (plaintiff).

BIELUCH, J.   The plaintiff, a real estate broker, brought this action to recover a commission upon the sale of real estate owned by the defendants.   The defendants gave the plaintiff an exclusive right to sell their property for three months.   While the agreement was still in effect, the defendants themselves consummated a sale of the property to a third party.

The defendants claim that the brokerage agreement was canceled or rescinded prior to the sale by mutual consent of the parties.   In response to this claim, the plaintiff alleges a fraudulent misrepresentation by the defendants in their purported withdrawal of the property from sale.

At the conclusion of the evidence, the defendants moved for a directed verdict on the ground that the plaintiff had neither alleged nor proved that he was a licensed real estate broker entitled to recover any commission. The court denied the motion and allowed the plaintiff to amend his complaint to allege that he was duly licensed at the time of the exclusive listing.

The defendants submitted a request to charge the jury that in order to recover, the plaintiff must prove that he would have been able to sell the property before the expiration of the exclusive agreement. The trial judge denied this request to charge, and the jury returned a verdict for the plaintiff in the amount of $5178.24. The defendants have appealed from the judgment on this verdict. The plaintiff has filed a cross appeal claiming that the court erred in refusing to instruct the jury that in an action for fraud the plaintiff can recover attorney's fees.[2]

The defendants claim that the trial court erred in refusing to set aside the verdict. The gravamen of this claim is that the plaintiff neither alleged nor proved that he was a licensed real estate broker which, under General Statutes §§ 20-312[3] and 20-325a,[4] is a condition precedent to his right of

---

[2] We note that the plaintiff's cross appeal is defective in that it fails to make the required jurisdictional statement showing the subject of his appeal. The defendants, however, by failing to move to dismiss the cross appeal, have waived the defect. *Maciejewska* v. *Lombard Bros., Inc.,* 171 Conn. 35, 37n., 368 A.2d 206 (1976).

We also note that the plaintiff, in his brief, claims that the court erred in denying his request to charge the jury that he is entitled to "exemplary damages including attorney's fees." In his preliminary statement of issues, however, he alleges only that the court erred in refusing to charge that if the jury found the defendants guilty of fraud, they were to award him attorney's fees. Thus, we do not consider this claim for exemplary damages. *Presutti* v. *Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980); see Practice Book § 3012 (a).

[3] "[General Statutes] Sec. 20-312. LICENSE REQUIRED. No person shall act as a real estate broker or real estate salesman without a license issued by the commission . . . ."

[4] "[General Statutes] Sec. 20-325a. ACTIONS TO RECOVER COMMISSIONS ARISING OUT OF REAL ESTATE TRANSACTIONS. (a) No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."

recovery. The plaintiff, on the other hand, maintains that § 20-325a was enacted to prevent unlicensed brokers from transacting business in the state and not to prohibit recovery of commissions by licensed brokers; therefore, the defendants have the burden of pleading and proving that the plaintiff was unlicensed.

We need not decide this issue, however, for the reason that the plaintiff, with the permission of the court, amended his complaint to include an allegation that he was duly licensed. This was done at the close of the evidence on request of the plaintiff to conform the allegations to the evidence before the jury.[5] Having alleged by his amended complaint that he was a duly licensed real estate broker, the plaintiff, in any case, adopted and assumed the burden of proving this necessary allegation. Tait & LaPlante, Handbook of Connecticut Evidence § 4.2 (b).

"Our primary concern in reviewing the action of the trial court on a motion to set aside a verdict is to determine whether the court abused its discretion." *Desmarais* v. *Pinto*, 147 Conn. 109, 110, 157 A.2d 596 (1960). The test for determining whether there has been an abuse of such discretion was enunciated in *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 555, 316 A.2d 394 (1972): "In reviewing the decision of the trial court, 'we consider the evidence in the light most favorable to the sustaining of the verdict.' . . . If the jury could reasonably have reached their conclusion the verdict must stand. . . . 'The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court.' " (Citations omitted.)

---

[5] The plaintiff may amend his complaint as of right during the first thirty days after the return day. General Statutes § 52-128; Practice Book § 175. He may further amend the complaint at any time before the case is submitted to the jury by order of the court. General Statues § 52-128; Practice Book § 176.

We find that there was sufficient evidence adduced at trial from which the jury could reasonably have found that the plaintiff was a licensed real estate broker. He had been in the real estate brokerage business for thirteen years. He was a member of several realtors professional associations. Moreover, the brokerage agreement between the parties contained a clause providing that the commission was "payable upon sale, exchange or other transfer of said property, or within three months after the termination of this agreement if the sale, exchange or other transfer is to a prospect to whom you had offered said property prior to the expiration of this agreement providing said property has not been subsequently listed exclusively with *another licensed* Real Estate Broker." (Emphasis added.) We find, therefore, that the trial judge correctly denied the motion to set aside the verdict.

The remaining claim raised by the defendants is that the court erred in refusing to instruct the jury that in order to earn his commission, the plaintiff had to prove that he would have been able to sell the property before the expiration of the exclusive brokerage agreement. We do not agree. "The broker is entitled to his commission as damages for the breach of an exclusive sale contract, if during the life of such a contract, the owner sells the property to a purchaser procured by his own efforts, or by other agents, or if the broker during such period produced a customer ready, able and willing to buy the property. *Covino* v. *Pfeffer,* 160 Conn. 212, 215, 276 A.2d 895 (1970). There is no requirement, as asserted by the defendants, that the plaintiff must prove that he would have been able to sell the property during the period of the contract had the defendants not breached their sale agreement. Accordingly, we find that the trial judge did not err in refusing to give the requested charge.

In his cross appeal, the plaintiff claims that the court erred in denying his request to charge the jury that if they found the defendants guilty of fraud, they should award attorney's fees. While it is true that punitive damages and attorney's fees may properly be awarded in actions for fraud; see *Brower* v. *Perkins,* 135 Conn. 675, 680–81, 68 A.2d 146 (1949); the trial judge need not so instruct the jury where there is no evidence to support such a claim. "It is the duty of the court to submit to the jury no issue foreign to the facts in evidence or in respect to which no evidence has been offered." *Goggins* v. *Reinzo Trucking Co.,* 166 Conn. 240, 246–47, 348 A.2d 569 (1974). Fraud is not to be presumed and must be strictly proved by clear, precise and unequivocal evidence. *DeLuca* v. *C. W. Blakeslee & Sons, Inc.,* 174 Conn. 535, 546, 391 A.2d 170 (1978).

The record in this case reveals no evidence of fraud on the part of the defendants. Thus, we find that the trial judge was correct in refusing to instruct the jury on the issue of attorney's fees as requested by the plaintiff.

There is no error.

In this opinion DALY and COVELLO, Js., concurred.