[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda Laprise, filed the original two-count complaint on October 1, 1990, seeking to recover against defendants Dorothy Stockman, administratrix of the estate of Peter Krug and Unquowa Realty (Unquowa). The plaintiff alleges that on June 27, 1989, she was a prospective purchaser of a house owned by the estate of Peter Krug, and was inspecting the house along with a sales agent from Unquowa. Unquowa was hired by the estate for the purpose of selling and showing the house to prospective purchasers. While touring the house, the plaintiff fell through a wooden staircase. The plaintiff alleges that the staircase had rotted and was in "a dangerous, defective and unsafe condition." (Count one asserts a claim against Stockman; count two asserts a claim against Unquowa).
On June 8, 1992, the plaintiff filed a request for leave of court to file an amended complaint, which was objected to by Stockman.
In objecting to the plaintiff's request to amend, Stockman argues that paragraphs 2(b) and 2(g) and paragraph 8 of the plaintiff's amended complaint constitute new and distinct causes of action related to negligent design, as opposed to allegations of a "rotted" staircase. In response, the plaintiff argues that the case has always been a "defective premises" case, and the amendments are based on the same set of facts and the same legal theory as the original complaint. The plaintiff also argues that the amendments serve to specify other defects in the staircase.
In arguing that the plaintiff's request to amend "would be extremely prejudicial," Stockman in effect claims that the plaintiff's new allegations do not "relate back" to the original complaint, and therefore violate the applicable two-year statute of limitations. (See General Statutes 52-584).
The "relation back" doctrine is stated in Sharp v. Mitchell, 209 Conn. 59, 546 A.2d 846 (1988), as follows:
 "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. A change CT Page 8338 in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated."
Id., 71-72. (Citations omitted). In Sharp v. Mitchell, the administrators of the estates of three men who were asphyxiated while working in an underground fuel storage facility filed an original complaint which alleged that the defendants, in their capacity as employers, negligently caused the death of the decedents by ordering the decedents to rescue an injured employee in an underground fuel tank filled with toxic fumes. Id., 63. The administrators' subsequent amended complaint added a count which alleged that the defendants were negligent in designing and constructing the underground storage facility, and thus acted negligently in a capacity other than that of an employer. Id. The trial court ruled that the negligent design and construction allegations contained in the amended complaint alleged a new and different cause of action. Id. In affirming the lower court's decision, the Supreme Court stated that:
 These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability. The fact that the same defendant is accused of negligence in each complaint and the same injury resulted. . .does not make any and all bases of liability relate back to an original claim of negligence. The defendants did not have fair notice of the claim of negligent construction and design. . .when the original complaint merely alleged that [defendant] was negligent in ordering the employees to enter the area. . . . The evidence concerning whether the defendant. . .was negligent when he sent three employees into a dangerous area is not necessarily CT Page 8339 relevant to evidence concerning who designed and constructed the underground area.
Id., 73-4.
In the present case, the plaintiff's original complaint states in relevant part that:
2. On June 27, 1989. . .said premises were in a dangerous, defective and unsafe condition in that the wood stairs to the attic had rotted. . . .
3. On said date, the plaintiff. . .fell through said stairs and as a result of said dangerous, defective and unsafe condition. . .thereby sustaining the injuries. . . .
The plaintiff seeks to add the following paragraphs after the two-year statute of limitations has run by way of a request to amend:
2. On June 27, 1989. . .said premises were in a dangerous, defective and unsafe condition. . .
 (a) In that the wood stairs to the attic had rotted;
 (b) in that there was inadequate headroom above said stairway;
 (c) in that the riser heights on the stairs were variable and excessive;
 (d) in that said stairway was inadequately supported and inadequately fastened with nails;
 (e) in that the construction of said stairway was inadequate;
 (f) in that said stairs were inadequately maintained and in poor condition; and
 (g) in that there was a lack of handrails. . .
8. Said stairway was . . .dangerous, defective and unsafe. . .in that it was not maintained in good repair in violation of Section H-333.1 of the Housing Code. . .in the Town CT Page 8340 of Stratford. . . .
Based on the "relation back" rule as stated in Sharp v. Mitchell, the plaintiff should not be allowed to amend her complaint so that it contains factual allegations regarding "inadequate headroom" (paragraph 2(b)), "riser heights" (paragraph 2(c)), inadequate support with nails (paragraph 2(d)), inadequate construction (paragraph 2(e)), and "lack of handrails" (paragraph 2(g)). These allegations go beyond the single group of facts (the "rotted" stairs) which were originally claimed to have caused the plaintiff's injuries. Because these new allegations do not "relate back" to the original complaint, they violate the applicable two year statute of limitations, which expired on June 27, 1991. Accordingly, the plaintiff should not be allowed to amend her complaint to contain paragraphs 2(b) through (e) and 2(g).
Paragraph 2(f), which alleges that the stairs were "inadequately maintained and in poor condition," does not add a new and different allegation, because if the stairs were "rotted," then they were also "inadequately maintained and in poor condition." Thus, paragraph 2(f) merely amplifies and restates the plaintiff's original allegation regarding "rotted" stairs.
Paragraph 8 of the amended complaint alleges that the staircase was dangerous and defective based on the defendant's failure to maintain the stairs in good repair, and that such failure constitutes a violation of H-333.1 of the local housing code, without specifying what the violation is. Paragraph 8 does not constitute a "new and different cause of action, as long as the plaintiff bases this alleged violation of the code upon the single group of facts ("rotted" stairs) alleged in the original complaint. See Gurliacci v. Mayer, 218 Conn. 531, 549,590 A.2d 914 (1991). If the violation, on the other hand, pertains to design defects, then paragraph 8 would not be permitted.
Thus, plaintiff's motion to amend is granted as to paragraphs 2(a) and (f) and 8, with the above caveat as to the latter, and is denied as regards paragraphs 2(b) through (e) and 2(g).
So ordered.
Dated at Bridgeport, Connecticut this 2nd day of September, 1992.
WILLIAM B. LEWIS, JUDGE CT Page 8341