[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO PLAINTIFF'S AMENDED COMPLAINT
This is a products liability action in which the plaintiff seeks to amend his complaint well beyond the statute of limitation period for a products liability action under § 52-572m et seq. of the General Statutes. The defendant objects to the amendment arguing that that a new and different factual situation is presented and a new and different cause of action is asserted. The plaintiff in part responds that the amendment should be allowed because the original complaint asserted a products liability claim and if the amendment were to be allowed a product liability claim CT Page 1206 would still be advanced. This is a conclusory argument, however, since "product liability claims" under the statutory scheme include a variety of different causes of action, see § 52-572m(b).
The question has to be resolved by determining whether the amendment relates back to the original complaint and cause of action. Our court has held that our so-called relation back doctrine "is akin to Rule 15(C) of the Federal Rules of Civil Procedure", Giglio v. Conn. Light Power, 180 Conn. 230, 239
(1980), Sharp v. Mitchell, 209 Conn. 59, 72 (1988). The federal courts have given a liberal reading to Rule 15c. As said inFederal Practice v. Procedure, Wright, Miller, Kane, Vol. 6A, § 1497 at page 85:
 Because the rationale of the relation back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading.
The original complaint alleged that the plaintiff was injured because a part on a machine known as a "finger saver" was defectively designed and the defendant knew or should have known that the "finger saver" would cause injury to a user. It also alleged the following:
 "c. There were no warnings displayed on the `finger saver' of its dangerous, defective, and unsafe condition.
 d. The `finger saver' was not marketed with instructions or warnings to foreseeable users of the finger saver regarding the dangerous, defective and unsafe condition for the finger saver;
 e. It failed to disclose to the plaintiff the dangerous, defective and unsafe condition of the finger saver."
CT Page 1207
In the amended complaint the plaintiff seeks to make the following allegations in addition to the foregoing.
 "f. It failed to warn foreseeable users of the `finger saver' that the product should be used with an anti-kickback device.
 g. The product sellers illustrated use of the `finger saver' without an anti-kickback mechanism when it knew or, in the exercise of reasonable care, should have known that it was not reasonably safe for the `finger saver' to be used without an anti-kickback mechanism."
In claiming that a new cause of action is being asserted, and that new facts are being alleged the defendant points to several cases, Sharp v. Mitchell, 209 Conn. 59 (1988), Paterson v. SzaboFood Services of New York, 14 Conn. App. 178 (1985), Laprise v.Stockman, 1992 Ct. Sup. 8336, Kanca v. First National Supermarkets,1993 Ct. Sup. 6157, Loehn v. Pusch, 1992 Ct. Sup. 5093. These cases are all fairly similar in that the original complaints alleged the defendants were negligent in their maintenance of a certain area, or by allowing people to enter a dangerous area under the plaintiffs' control whereas the amended complaints alleged the area in question was structurally designed in a negligent way or the defendants failed to install material which would make the area safe or allowed certain material like a polished floor to be installed in the area which made it dangerous to users. The amendments were not allowed in these cases because obviously the original complaints focused on the circumstances of the particular accident and how it occurred and the amendments if allowed would have focused on general design problems requiring different types of preparation and experts, the need for which the defendant could never have guessed from the original complaint.
The defendant argues the same thing is going on here. In a footnote at page 4 of its December 22, 1995 brief the defendant argues that paragraphs 21(c) and (d) (see above) allege the defendant "did not warn consumers that its product was defectivelydesigned. Standing alone these paragraphs are meaningless, and should not be interpreted by this court as putting (the defendant) on notice of the plaintiffs' new lack of warning allegations" (emphasis added). It is interesting to note that the defendant didn't seek to excise these "meaningless" allegations by a request CT Page 1208 to revise but filed an answer in March of 1994 some four months after the original complaint. The defendant, I believe, reads the allegations of the original complaint as to warning too narrowly. It did not allege failure to warn of a defective design thus referring back to the specific allegation of subparagraphs (a) and (b) of paragraph 21. If talked in terms of failure to warn of the "unsafe condition" of the "finger saver". The amended complaint adds specific allegations as to how the condition of the "Finder saver" was unsafe — it should be used with an anti-kickback mechanism.
Under the broad allegations of 21(c) and 21(d) if there had been no attempt to amend why couldn't the plaintiff have presented evidence concerning the anti-kickback device in any event? If this is so the language in Wisbey v. American Community Stores Corp. 288 F. Sup. 728, 734 (DC Neb, 1968) is on point:
 "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have bene [been] introduced under the former pleadings."
When a party in an original complaint makes general allegations concerning a type of improper activity it should be allowed to amplify the claim by referring in an amendment to specific material which represent an example or instance of the general conduct previously alleged, see Michelsen v. Pennly,135 F.2d 409, 416-417 (CA 2 1943) where the court said that an amendment to a claim for bank mismanagement merely amplifying allegations of general misconduct in the original complaint related back:
 "(T)he original complaint clearly gave defendant notice that he would be held for all acts of negligence. . . . (D)efendant was bound to realize that he would be held liable for every possible act of mismanagement." cf Campbell v. A.C. Petersen Farms, Inc., 69 FRD 457, 461-462 (D.Conn., 1975).
As Wright notes at § 1497 page 93 of his commentary the liberal policy of the Federal courts as regards 15(c) is reflected inBarthel v. Stamm, 145 F.2d 487, 491 (CA 5, 1944) where as here it can be said: CT Page 1209
 "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his (sic) evidence in reference to it. When a suit is filed in a Federal Court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of action or the relief prayed or the law relied on will not be confined to the first statements."
Frankly even going beyond these observations it is difficult to see how a manufacturer, who is originally sued for negligent manufacture or design, if adequate notice is the touchstone for relation back, can even oppose an amendment seeking to add a failure to warn consumers or users of the product. If you design your product improperly and put it into stream of commerce why wouldn't you have a duty to warn unless there is some defense based on appropriate warnings in fact having been given which has nothing to do with the defense you have to mount for improper design.
Thus in a case cited by Wright a plaintiff sought to recover for injuries he allegedly sustained from using the defendant's cigarettes. The original complaint was based on negligent manufacture and implied warranties that the cigarettes were fit for use by consumers. The court permitted an amendment charging the defendant negligently failed to warn of the inherent dangers of smoking its cigarettes. The court in Zagurski v. American TobaccoCo., 44 FRD 440, 442-443 (D.C. Conn. 1967) said:
 [T]he question is whether the defendant ought to have known from the original complaint the facts plaintiff is now adding. Whether to permit an amendment is not decided by mechanically measuring it against a statute of limitations. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the "conduct, transaction, or occurrence" set forth in the complaint. * * * The defendant has had notice from the beginning that plaintiff is trying to enforce a claim for damages CT Page 1210 sustained from smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly.
But it is not even necessary to rely on the broad language inZagurski to permit the amendment in this case. As noted above I believe the allegations of the original complaint gave the defendant all the notice it was entitled to receive in order to protect its interests.
As Wright says at § 1497, page 93 the appropriate "approach" in these relation back cases "is to determine whether the adverse party (here the defendant) ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question." Applying that approach I will overrule the objection to the plaintiff's amendment.
Thomas Corradino, Judge