[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR LEAVE TO AMEND, NO. 108
On March 22, 1995, the plaintiff filed a complaint alleging CT Page 3860 that he had slipped and fallen on a wet floor in a Burger King restaurant owned by the defendant. In paragraph one of the complaint, the plaintiff stated that the Burger King was located on "Padanaram Road, Danbury, Connecticut." On December 15, 1995, the plaintiff submitted a request for leave to amend his complaint. In the amended complaint, the plaintiff changed the location of the restaurant in which he was injured to "265 Greenwood Avenue, Bethel, Connecticut." The defendant filed an objection to the plaintiff's request on December 21, 1995, arguing that the plaintiff's change alleges a new cause of action. Both parties have filed memoranda of law on the relevant issues.
A "plaintiff may amend his complaint as of right during the first thirty days after the return day. General Statutes §52-128; Practice Book § 175. He may further amend the complaint at any time before the case is submitted to the jury by order of the court" under the same General Statutes section and Practice Book § 176. LaMalfa v. Higgins, 38 Conn. Sup. 509,512 n. 5, 452 A.2d 320 (1982). Should an opposing party wish to object, the objection must state the specific paragraphs to which the objection is directed and must be filed within fifteen days. Practice Book § 176.
In this matter, the relevant statute of limitations is two years. General Statutes § 52-584. Therefore, because the amended complaint would fall beyond the limitations period, it may only be allowed if it relates back to the original complaint.Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914 (1991). A party will not be allowed to amend a complaint by adding a new cause of action. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239, 429 A.2d 486 (1980). Such amendments will not relate back to the date of the complaint. Id.
Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure . . . ." Id. The Federal rule and Connecticut law provide that an amendment relates back when the assertion "in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . ." Gurliacci v. Mayer, supra, 218 Conn. 547. An amendment that relates back will be within the statute of limitations because the original complaint constitutes sufficient notice "that a claim is being asserted stemming from a particular transaction or occurrence . . . ." Id., citing C. Wright, Law of Federal Courts 276 (2d Ed. 1970); CT Page 3861Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988). "`[W]here an entirely new and different factual situation is presented, a new and different cause of action is stated . . . .'" Gurliacci v. Mayer, 218 Conn. 547, quoting Sharpv. Mitchell, supra 209 Conn. 71-72. A "cause of action" has been defined as a "single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) Id., 546-47.
"A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Marciano v. Vega Enterprises Inc., Superior Court, judicial district of New Haven, Docket No. 930354446S January 29, 1996, Corradino, J., 16 Conn. L. Rptr. 133), quotingWisbey v. American Community Stores Corp., 288 F. Sup. 728, 734
(D.C.Neb., 1968). Another approach, followed in Marciano, is "to determine whether the adverse party . . . ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question." Id., quoting Wright, Miller Kane, Federal Practice and Procedure 93, § 1497 (1990).
In the present case, the plaintiff wishes to change the location at which he alleges the incident occurred from one of the defendant's restaurants to another. This change, however, impermissibly introduces a new cause of action by changing a central component of the factual situation presented in the original complaint. Although "[i]t is proper to amplify or expand what has already been alleged in support of a cause of action, . . . the identity of the cause of action" must remain the same. Gurliacci v. Mayer, supra, 218 Conn. 547. The plaintiff's amendment is more than an amplification.
Using the approach followed in Marciano, there is no reason to believe that the defendant should have been able to anticipate or expect that the plaintiff would make an amendment claiming injury in an entirely different restaurant than he had claimed originally. As alleged in the plaintiff's complaint, control and operation of the premises in which the plaintiff fell will be highly relevant issues. Such a fact is one that the defendant could reasonably have expected to remain constant throughout the CT Page 3862 case. Furthermore, the plaintiff could reasonably have been expected to correctly plead such basic information in the original complaint. Using the Wisbey test, is it unlikely that the plaintiff could have introduced, under the original complaint, evidence that he had not fallen in the Danbury restaurant as alleged, but instead had fallen elsewhere, in the Bethel location. The plaintiff's amended complaint refers to a different transaction or group of facts than the original complaint and may not relate back to the original date of filing. The plaintiff's motion for leave to amend is denied.
Stodolink, J.