[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1996
The plaintiff, Nate Infurchia (Infurchia), commenced this action by complaint dated June 7, 1994, against the defendant, Marlin Controls, Inc. (Marlin), for damages arising out of the termination of his employment with Marlin. In the first count of his five-count complaint, Infurchia states a cause of action under General Statutes § 31-71(c), Connecticut's wage statute, alleging that Marlin failed to pay him accrued vacation time and commissions due him under his employment contract. The second count of the complaint states a claim for breach of his contract of employment when he was fired "without cause." In count three, Infurchia states a cause of action for wrongful termination based on his allegation that he was fired for his "refusal to sabotage the traffic signal timing of a traffic signal . . . so as to provide business for the defendant company." (Complaint, Count 3, ¶ 6.) CT Page 5379
Count four of the complaint states a claim for breach of contract in that Marlin allegedly failed to pay Infurchia a commission due him from a sale procured by Infurchia in the years 1990-91. Finally, in count five, Infurchia states a cause of action for breach or the implied covenant of good faith and fair dealing implicit in his employment contract.
Marlin has filed an answer and special defenses, and discovery has commenced. The case was pretried in November, 1995, by Hull, STR, and the parties have a firm trial date of October10-11, 1996.
On May 22, 1996, Infurchia filed a request for leave to amend the complaint to add a new cause of action alleging that he was fired as a result of age discrimination in violation of General Statutes § 46a-60 (1). Infurchia sought to add this count after he had received a "Release of Jurisdiction" statement from the Connecticut Commission on Human Rights Opportunities (CHRO) in accordance with General Statutes § 46a-101. The statement indicated that Infurchia had filed a complaint with the CHRO on September 1, 1994, and the CHRO released jurisdiction over the matter on April 24, 1996.
Marlin has objected on two grounds. First, it argues that pursuant to § 46a-101, the release of jurisdiction statement only authorizes a person to commence a cause of action once the CHRO has released jurisdiction not to add a count to an existing cause of action. Second, it argues that it will be unfairly prejudiced by the addition of a cause of action this late in the proceedings.
The court begins with the observation that in Connecticut, there is a liberal policy of allowing amendments to pleadings.Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 360, 525 A.2d 57 (1987). A "plaintiff may amend his complaint as of right during the first thirty days after the return day [pursuant to] General Statutes § 52-128 [and] Practice Book § 175. He may further amend the complaint at any time before the case is submitted to the jury by order of the court" under the same General Statutes section and Practice Book § 176. LaMalfa v. Higgins, 38 Conn. Sup. 509, 512 n. 5,452 A.2d 320 (1982). "Whether to allow an amendment is a matter left to the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v.CT Page 5380Voog, 233 Conn. 352, 369, 659 A.2d 172 (1995).
A party will not be allowed to amend a complaint by adding a new cause of action. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239, 429 A.2d 486 (1980). Such amendments will not relate back to the date of the complaint. Id. Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure . . ." Id. The Federal rule and Connecticut law both provide that an amendment relates back when the assertion "in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . ." Gurliacci v. Mayer, 218 Conn. 531,547, 590 A.2d 914 (1991). As observed in Wright, Miller 
Kane, Federal Practice and Procedure:
 [T]he federal rules represent a shift away from the rigidified notions of "form" and causes of "action" to more functional concepts phrased in terms of the underlying conduct, transaction, or occurrence that provides the background of the dispute. The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading.
(Footnotes omitted.) 6A Charles A. Wright et al., FederalPractice and Procedure, § 1497, pp. 94-95 (1990).
"It is proper to amplify or expand what has already been alleged in support of a cause or action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different course of action is stated . . ." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer,supra, 218 Conn. 547. "It is not unreasonable to require the defendant to anticipate all theories of recovery and prepare its defense accordingly." (Citations omitted; internal parentheses omitted; internal quotation marks omitted.) Strano v. Maxwell,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505137, 11 CONN. L. RPTR. 510 (May 10, 1994) (Corradino, J.).
In accordance with the above principles, the court will permit the plaintiff to amend his complaint. First, although CT Page 5381 Marlin argues that. § 46a-101 does not permit a plaintiff to add a cause of action to an existing action once the plaintiff obtains a release of jurisdiction statement, it has cited no authority for this proposition, nor has the court's independent research revealed any such authority. Indeed, if Infurchia had waited until he received the release of jurisdiction statement from the CHRO before he commenced this action, he might, well have found himself outside of the statute of limitations for his other claims.
Marlin's claim that it will be prejudiced by Infurchia's proposed amendment at this late date is not substantial enough to bar the amendment. First, Marlin has presumably been aware of Infurchia's complaint to the CHRO since its filing in September, 1994. Second, the court finds it significant that Infurchia could not, prior to receiving the release of jurisdiction statement on April 24, 1996, have brought an action under § 46a-60. As such, the court is unwilling to preclude him from adding such a cause of action at this point. Finally, since the release of jurisdiction statement only permits a person to bring a cause of action for a period of up to ninety days after its issuance, Infurchia would be barred from pursuing his discrimination claim if he were not permitted to amend his complaint now. For these reasons, and in keeping with the liberal policy of permitting amendments to pleadings, the court will allow the amendment.
The court is aware that additional discovery will be required by both parties following the amendment of the complaint by adding another count; however, in light of the consequences of not permitting the amendment, the court finds it equitable to permit the amendment and allow the parties to pursue whatever discovery may be necessary.
STODOLINK, J.