[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #125
This action arises out of an automobile accident which occurred on December 31, 1992 in Atlantic City, New Jersey. Gilbert DiPalma owned and was driving an automobile in which Marie Argentino was a passenger. Touch Reth was the owner of another automobile, insured by the defendant and driven at the time of the accident by Chheng Chhin.
The plaintiffs allege that it was Chheng Chhin's negligent operation of Touch Reth's automobile that caused the accident, resulting in injuries to both plaintiffs. The plaintiffs filed their original complaint on December 1, 1995. On July 16, 1996, they filed a twenty-count second amended complaint.[1] Count one alleges that between June 21 and June 25, 1994, Ram Enterprises, Probe, and Clifford Rocque d/b/a Ram Enterprises, while acting as the agent, servant, and/or employee of the defendant insurance company, conducted a private investigation and surveillance of Marie Argentino, in the course of which they frightened, intimidated, scared, stalked, and harassed her and made her fearful for her safety and well-being, resulting in severe anxiety, emotional distress, mental shock, and severe fright. Plaintiffs allege that the defendant knew or should have known that by conducting such activities, the plaintiff would suffer such damages.[2] Count two asserts the same claims of intentional infliction of emotional distress on behalf of Gilbert DiPalma.[3]
Count three alleges that the defendant is engaged in the conduct of a trade or commerce as defined in Connecticut General Statutes § 42-110a[4], and by its surveillance activities has engaged in deceptive practices. It is alleged that these CT Page 7203 actions offended and violated the public policy of the State of Connecticut, and were immoral, unethical, oppressive, and unscrupulous, in violation of § 42-110b[5], and caused harm to both the plaintiffs.[6]
The fourth count alleges that the surveillance activities were conducted negligently, and that the defendant knew or should have known that it was creating an unreasonable risk of fear, emotional distress, mental shock, and anxiety in Marie Argentino, causing her harm. Count five makes the same allegations on behalf of Gilbert DiPalma.
On December 26, 1996, the defendant filed a second revised answer and special defenses.[7] These special defenses, upon which the subject motion to strike is based, assert that the fourth and fifth counts of the second revised complaint are barred by the negligence statute of limitations because they have been filed beyond the applicable time period. Specifically, the defendant asserts that the activities complained of occurred between June 21 to 25, 1994, but were not raised by the plaintiffs until July 15, 1996, past the two-year time period allowed in Connecticut General Statutes § 52-584.[8] The plaintiffs have filed this motion to strike the defendant's special defense on the ground that the negligence claims contained in counts four and five of the second revised complaint relate back to claims made in the complaint and revised complaint which were filed within the statute of limitations, and thus are pleaded in a timely manner, making the defendant's special defense legally insufficient. "The function of the motion to strike is to test the legal sufficiency of the pleading . . ."Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232, 680 A.2d 127 (1996). "A plaintiff can [move to strike] a special defense . . ." Nowak v. Nowak 175 Conn. 112, 116,394 A.2d 716 (1978). Cf. Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995).
The plaintiffs argue that the allegations contained in the second amended complaint do not allege new facts or circumstances giving rise to a new cause of action, but amplify and expand on the allegations contained in the complaint and the revised complaint. They argue that the negligence claims made in counts four and five relate back to their earlier claims in the complaint (counts one and two) and revised complaint (counts one and two). The plaintiffs assert that the second amended complaint merely changes the order in which the various claims are CT Page 7204 presented. As such, since the complaint and revised complaint were filed within the applicable statute of limitations, the negligence claims contained in counts four and five of the second amended complaint are not time-barred under § 52-584.
The defendant responds by arguing that counts one and two of the complaint and revised complaint were not grounded in negligence, but rather asserted causes of action for intentional infliction of emotional distress. Therefore, the fourth and fifth counts of the second amended complaint are completely new and distinct, and so do not relate back to the claims filed before the tolling of the statute. Thus, the defendant's special defense should not be stricken, as the plaintiffs have filed claims sounding in negligence for the first time outside of the time period allowed by § 52-584.
Connecticut "generally follows a liberal policy in allowing amendments to complaints." Web Press Services Corporation v. NewLondon Motors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987). Still, a party's freedom to add allegations to a complaint is limited by the relation back doctrine, which provides that "an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . ." (Citation omitted; internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 264, 654 A.2d 748 (1995).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A change in, or addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . . ." (Citations omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital, supra,232 Conn. 263-64.
The Supreme Court has likened the relation back doctrine to CT Page 7205 Rule 15(c) of the Federal Rules of Civil Procedure. "The policy behind Rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." (Citations omitted.) Gurliacci v. Mayer,218 Conn. 531, 547, 590 A.2d 914 (1991).
"The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same, and has been brought to [the] defendant's attention by the original pleading." (Emphasis omitted.) Clancy v. Newtown Boardof Education, Superior Court, judicial district of Danbury, Docket No. 315388 (June 5, 1996, Moraghan, J.). "While the defendants are entitled to fair notice, it is not unreasonable to require [the defendants] to anticipate all theories of recovery and prepare its defense accordingly." (Internal quotation marks omitted.) Bigler v. Center Bank Mortgage, Superior Court, judicial district of New Haven at New Haven, Docket No. 348772 (February 26, 1996, Zoarski, J.). "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Marciano v. VegaEnterprises Inc., Superior Court, judicial district of New Haven, Docket No. 354446 (January 29, 1996, Corradino, J.) (16 Conn. L. Rptr. 133, 134).
Here, there are no additional facts introduced in counts four and five of the second amended complaint. The facts are taken directly from counts one and two of the complaint and the revised complaint. All of the allegations arise from the same activities conducted on the same days, and involve the same plaintiffs and defendants. Thus, these complaints do not involve two different sets of circumstances that depend on different facts to prove or disprove the allegations of a different basis of liability. SeeBarrett v. Danbury Hospital, supra, 232 Conn. 263. Also, the defendant is not required to gather different facts, evidence, and witnesses to defend the amended claim. Therefore, the defendant had adequate notice that a claim was being asserted against it arising out of alleged surveillance activities conducted by it or its agents, servants, and/or employees. SeeGurliacci v. Mayer, supra, 218 Conn. 549.
In addition, the factual situation upon which the plaintiffs' action depends remains the same, and negligent infliction of CT Page 7206 emotional distress could reasonably have been anticipated by the defendant as a theory of recovery. Although counts four and five of the second amended complaint for the first time use the term "negligently," the plaintiffs alleged in counts one and two of the complaint and revised complaint that the defendant "knew or should have known" that by conducting the surveillance, the plaintiffs would be damaged.
The allegations made by the plaintiffs in the fourth and fifth counts of the second amended complaint relate back to the first and second counts of the complaint and the revised complaint filed on December 1, 1995 and March 26, 1996 respectively. The plaintiffs' allegations sounding in negligence are therefore not barred by the statute of limitations, and the motion to strike the defendant's special defense as to counts four and five is granted.
SILBERT, J.