[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
On December 5, 1997, the plaintiffs, Michael and Sheila Riiska, filed an eight count revised complaint against the defendants: Theresa Bendell, Frank Carfiro, David A. D'Amore d/b/a the D'Amore Agency, and the D'Amore Agency. The plaintiffs' complaint arises from their purchase of real property that Theresa CT Page 1319 Bendell owned. According to the plaintiffs, Theresa Bendell represented that the property consisted of the entire acreage as mowed and landscaped by Bendell, including an area of the property that contained a shed. Only after the purchase of the property, the plaintiffs claim, did they learn that a significant portion of the property described by Bendell was actually a neighbor's property.
On December 23, 1997, the defendant, Theresa Bendell, filed a motion to strike count one of the complaint and those paragraphs of the prayer for relief which seek attorney's fees and punitive damages. The basis for the motion to strike is that count one, a claim for fraudulent misrepresentation, is legally insufficient because it fails to allege that Theresa Bendell knew her statements about the property were untrue. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of the motion to strike. On December 31, 1997, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). The legal sufficiency of the plaintiff's prayer for relief may be raised by a motion to strike. Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."R K Constructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp. , 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of the motion to strike, the defendant claims that the plaintiffs failed to allege the second element for a claim CT Page 1320 sounding in fraudulent misrepresentation. Specifically, the defendant contends that count one fails to allege facts which support the conclusion that the defendant knew her statements concerning the property's boundaries were untrue. According to the defendant, count one's allegation that a neighbor previously told the defendant about the boundary problem is not sufficient to show that the defendant knew her statements to the plaintiffs were untrue. The defendant also argues that the prayer for relief should be stricken as to the claim for attorney's fees and punitive damages. A claim for attorney's fees must invoke statutory or contractual language, but the plaintiffs failed to do this according to the defendant. Similarly, the defendant contends that the plaintiffs failed to allege facts which would support an award of punitive damages.
The plaintiffs contend that the motion to strike count one should not be granted because the defendant had the best means of knowledge, per the conversation with the neighbor, and made an affirmation contrary to the truth in order to secure the sale. Under these circumstances, the plaintiffs argue, our law treats the defendant as knowing what she affirmed. Additionally, the plaintiffs claim that they sufficiently alleged facts to support an award of punitive damages because they alleged the defendant's failure to tell the plaintiffs of her conversation with the neighbor. Clearly, the plaintiffs contend, this allegation constitutes an allegation of the defendant's reckless indifference to the rights of the plaintiffs; in turn, supporting a claim for punitive damages. Finally, the plaintiffs make no argument as to why the claim for attorney's fees is sufficient.
"The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment." (Citation omitted.) Dorsey v. Mancuso,23 Conn. App. 629, 633, 583 A.2d 646 (1990).
In this case, the question at hand is whether the plaintiffs sufficiently alleged that the defendant knew her statements about the boundaries were untrue. Paragraph eleven of count one states, "[d]efendant Bendell knew that her representations as to the acreage and boundaries of the land were false in that she had been previously informed by a neighbor that a portion of the property represented was owned, in fact, by said neighbor and not by the CT Page 1321 [d]efendant Bendell." Accordingly, no further discussion is required. The plaintiffs have clearly alleged that the defendant knew her representations were untrue. Whether or not the conversation with the neighbor adequately supports such an allegation is a matter which the trier of fact will determine. The motion to strike count one is denied.
"[P]unitive damages and attorney's fees may properly be awarded in actions for fraud." (Citation omitted.) Lamalfa v.Higgins, 38 Conn. Sup. 509, 514, 452 A.2d 320 (1982). "Punitive or exemplary damages in a fraud case include attorney's fees." (Citation omitted.) Wedig v. Brinster, 1 Conn. App. 123, 134,469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A.2d 1284 (1984). "To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought . . . Wanton misconduct is reckless misconduct, [i]t is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted; internal quotation marks omitted.) Markey v. Santangelo, 195 Conn. 76, 77-78,485 A.2d 1305 (1985).
Pursuant to the American rule regarding the recovery of attorney's fees, the plaintiffs in this case have to invoke either statutory or contractual language in order to recover such fees. The plaintiffs' prayer for relief invokes neither statutory nor contractual language. As such, the portion of the prayer for relief which requests attorney's fees is stricken. The effect of striking this portion of the prayer for relief, however, may be minimal. For if the plaintiffs are able to recover punitive damages, such damages will include attorney's fees. At this juncture, the only question is whether the plaintiffs sufficiently allege wanton, wilful, or reckless malicious misconduct in their claim for fraudulent misrepresentation. Count one does not allege wanton, wilful, or reckless malicious misconduct. Thus, the request for punitive damages is legally insufficient and must be stricken.
For the reasons discussed, the motion to strike is denied as to count one and granted as to the request for attorney's fees and punitive damages contained in the prayer for relief. CT Page 1322
HON. WALTER M. PICKETT, JR. State Judge Referee