[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PARACO GAS CORPORATION'S OBJECTION TO REQUEST TO AMEND COMPLAINT
The plaintiff, Rory Amaya (Amaya), brought this action against multiple defendants to recover for personal injuries allegedly sustained after an explosion and fire on the business premises of Stamford Propane. Amaya alleges that his injuries were caused in part by the negligence and carelessness of defendant Paraco Gas Corporation a/k/a Paraco Fuel Corporation (Paraco).
In Amaya's original complaint dated July 12, 1994, he alleges in count twenty-one, paragraph 22, that Paraco, its agents, servants and/or employees were negligent in "one or more of the following ways: (a) In that it failed to properly train its employees, including Harry Quick, to refrain from smoking and/or lighting lighters while working at, near or around propane gas; (b) In that it failed to properly supervise its employees including Harry Quick, so as to prevent them from lighting cigarettes and/or lighting lighters when working at, near or CT Page 7603 around propane gas: and (c) In that it employed personnel, including Harry Quick, who lacked sufficient knowledge in safety procedures when working around propane gas.
On February 10, 1997, Amaya filed a request to amend his complaint pursuant to Practice Book § 176, now Practice Book (1998 Rev.) § 10-60. Amaya asserts that the amendment more specifically delineates the violations which he alleges, and attempts to conform his complaint more closely with the complaint of plaintiff Daum in order to facilitate the proceedings in both cases. On February 13, 1997, Paraco filed an objection to plaintiff's request to amend.
In count twenty-one, paragraph 22, of the amended complaint, Amaya repeats the allegations against Paraco contained in the original complaint and seeks to add an allegation that Paraco was negligent as follows: "In that it failed to properly train Michael Vitti in the proper method for connecting and disconnecting propane gas heating appliances from propane gas lines, including the proper method for shutting off the flow of propane gas from the exterior main propane tank into the interior of the business premises at 78 Magee Avenue, Stamford, Connecticut."
Paraco objects to Amaya's request to amend on the grounds that the proposed amended complaint alleges a new cause of action which is time barred pursuant to the applicable statute of limitations, General Statutes § 52-584, because it does not relate back to the original complaint. Amaya argues that the proposed amendment simply expands the original allegations of negligence, and therefore, does relate back to the original complaint.
Amaya alleges that he was injured in an explosion and fire which occurred on July 14, 1993. This action was commenced by service of process on July 14, 1994. The applicable statute of limitations, General Statutes § 52-584[1], expired two years from the date of Amaya's injuries. Amaya's request to amend was filed on February 10, 1997. "Amendments relate back to the date of the complaint unless they allege a knew cause of action. . . . an amendment to a complaint which sets up a knew and different cause of action speaks as of the date when it is filed." Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974). Therefore, if the amended complaint alleges a knew cause of action, the proposed amendment will be barred by the statute of limitations. If, however, the proposed amendment CT Page 7604 relates back to the original complaint, it is not time barred.Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914 (1991).
The relation back doctrine has been compared to rule 15(c) of the Federal Rules of Civil Procedure. Gurliacci v. Mayer,
supra, 218 Conn. 547. Rule 15(c) provides that if the claim or defense in the proposed amended pleading "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Id. The policy underlying rule 15(c) is that if a party knows he or she is being sued based upon a particular transaction or occurrence, that party has sufficient notice to satisfy the objective of the statute of limitations of protection from defending stale claims. Id., 547-48.
Federal courts read rule 15(c) liberally and look not only at whether the amendment is based on the same underlying transaction or occurrence, but also at whether the opposing party has received fair notice regarding the claim asserted in the amended pleading. Marciano v. Vega Enterprises. Inc., Superior Court, judicial district of knew Haven at knew Haven, Docket No. 354446 (January 29, 1996, Corradino, J.) (16 Conn. L. Rptr. 133).
While the relation back doctrine should be liberally interpreted, it cannot be applied "beyond the bounds of fair notice." Fuller v. Larke, Superior Court, Judicial district of knew Haven at knew Haven, Docket No. 301800 (November 7, 1996, Corradino, J.).
In addressing the relation back doctrine, our Supreme Court has said that where the facts alleged in the amendment amplify or expand the allegations of the original complaint rather than present an entirely knew factual situation, the amendment is proper. Gurliacci v. Mayer, supra, 218 Conn. 546-47. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to CT Page 7605 the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely knew and different factual situation is presented, a knew and different cause of action is stated." (Citation omitted; internal quotation marks omitted.) Id.
This court has reviewed numerous cases involving the relation back of amendments. Amendments were found to be improper in the following cases: Sharp v. Mitchell, 209 Conn. 59, 546 A.2d 846
(1988) (original complaint alleged negligent supervision of employees in relation to ordering them to enter an underground area which allegedly lacked adequate oxygen, ventilation and lighting; amended complaint alleged negligent design and construction of the underground storage area); Keenan v. Yale NewHaven Hospital, 167 Conn. 284, 355 A.2d 253 (1974) (original complaint sounded in medical malpractice; amended complaint sounded in assault and battery based on lack of informed consent); Fuller v. Larke, supra, Superior Court, Docket No. 301800 (original complaint alleged that the defendant, U-Haul Company, was vicariously liable as the owner-lessor of a vehicle for damages caused by the operation of that vehicle; amended complaint alleged that the defendant's agents acted improperly in relation to the rental of the vehicle); Gallo v. G. Fox Co.,148 Conn. 327, 170 A.2d 724 (1961) (in original complaint plaintiff alleged that she was injured in a fall on an escalator and that the defendant was negligent in relation to maintaining and operating the escalator; in the amended complaint, she alleged that she fell on the floor and that the defendant was negligent in failing to remove candy and other sticky substances from the floor).
Amendments were found to be proper in the following cases:Gurliacci v. Mayer, supra, 218 Conn. 531 (original complaint alleged that the defendant was negligent in operating a vehicle while intoxicated; the amended complaint added that the defendant acted willfully, wantonly and maliciously, or outside the scope of his employment); Giglio v. Connecticut Light Power,180 Conn. 230, 429 A.2d 486 (1980) (original complaint alleged that a purported safety unit for a furnace was sold in a defective condition unreasonably dangerous to the plaintiff; amended complaint alleged that the defendant allowed specified defects to remain in the furnace); Marciano v. Vega Enterprises. Inc.,
supra, Superior Court, Docket No. 354446 (original complaint CT Page 7606 alleged that a machine part was defectively designed and was not marketed with instructions or warnings; amended complaint alleged that the defendant failed to warn users that the machine part should be used with an anti-kickback device); Cooper v. Ketover,35 Conn. Sup. 38, 393 A.2d 64 (1978) (original complaint alleged that the defendant negligently gave false information that a chemical product was suitable for a purpose when it was not; amended complaint alleged negligence in placing product on the market with inadequate warnings).
The present case, like the cited cases, can be analyzed in terms of identity of the underlying conduct or transaction alleged and the fair notice test. The original complaint alleges that Paraco was negligent in relation to the training and supervision of its employees regarding the use of cigarettes and lighters, and in employing personnel who lacked sufficient knowledge about safety procedures. The underlying conduct, the delict on the part of Paraco, relates to its practices in relation to its employees. The proposed amended complaint alleges negligence in failing to properly train Michael Vitti regarding the use of propane heating appliances. Michael Vitti is not employed by Paraco. In fact, Amaya himself alleges in count one, paragraph 13, which is incorporated into count twenty-one, that Michael Vitti was "the agent, servant or employee of defendant, Stamford Propane and/or defendant Mechanical Systems and was acting in the scope of his employment with Stamford Propane and/or Mechanical Systems."
Additionally, the original allegations did not give Paraco fair notice that it might later be required to defend allegations regarding training of a non-employee. "The fact that the same defendant is accused of negligence in each complaint and the same injury resulted. . . does not make any and all bases of liability relate back to an original claim of negligence." Sharp v.Mitchell, supra, 209 Conn. 73.
"A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Fuller v. Larke, supra, Superior Court, Docket No. 301800, quoting Wisbey v. American Community Stores Corp.,288 F. Sup. 728, 734 (D. Neb. 1968).
In the present case, evidence regarding the alleged training of Michael Vitti, a non-employee, in handling propane gas CT Page 7607 appliances could not be introduced to show that Paraco did not train or supervise its employees properly regarding smoking and lighting lighters around propane, nor could it be used to show that Paraco hired employees who lacked sufficient knowledge of safety procedures. Evidence in support of the original allegations against Paraco might include employee training policies and methods, extent and manner of ongoing employee supervision, hiring procedures, and screening of employees with regard to knowledge of safety procedures. This evidence is not the same evidence needed to support allegations of improper training of a non-employee.
This court finds that Amaya's amended complaint, dated February 4, 1997, alleges a knew cause of action which is barred by the statute of limitations. Therefore, Paraco's objection to Amaya's request to amend is sustained.
D'ANDREA, J.