[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff has sufficiently pled a sustainable cause of action. First, the plaintiff has alleged in its opposition to the motion to strike that Ms. Nam Sook Lee is an employee of the plaintiff and, thus, not an indispensable party. See Biro v.Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990) (finding a party necessary only in order to assure a fair and equitable trial). Second, sufficient facts have been alleged, all arising out of the same transaction, the failed lease and sale agreement, to state a cause of action for breach of contract, fraud and unjust enrichment. See Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997) (finding that the court must construe the facts in the complaint most favorably to the pleader). Third, "[a]ttorney's fees may properly be awarded in actions for fraud." (Citation omitted.) Lamalfa v. Higgins,38 Conn. Sup. 509, 514, 452 A.2d 320 (1982). Moreover, any collection costs coming within the ambit of attorney's fees, absent a contractual provision allowing for collection costs, can, consequently, be claimed. Accordingly, the defendant's motion to strike #115 is denied.
Lewis, J.